### SNEED *vs.* THE STATE.

Larceny is, by the common law, a felony; and an indictment for a felony cannot be tried unless the prisoner be *personally* present at the trial. The law is thus careful for the safety of the citizen through the whole trial, from his arraignment to the final disposition of the cause, lest in so important a matter he should be prejudiced.

The prisoner must also be present when the verdict of the jury is returned.

Where the prisoner is out on bail the rule is the same; the law not regarding the cause of his absence, as whether he be absent voluntarily or against his will.

A verdict taken in the absence of the prisoner is void.

THIS was an indictment for larceny, in the Carroll Circuit Court, determined in April, 1843, before the Hon. JOSEPH M. HOGE, one of the circuit judges. The indictment was against Wm. Sneed. During the trial, he was on bail, and part of the time while the trial was progressing, was not present, nor was he in court when the jury returned into court their verdict and were discharged. It was an open verdict, and entered of record by the court, but no judgment rendered on it.

At the next term of the court, the attorney for the State ordered appellant into custody, and moved that the court proceed to render judgment on the verdict so found at the previous term of said court. Thereupon the appellant interposed his motion, verified by his affidavit, and the affidavit of a witness, setting forth for cause why judgment should not be rendered, that he was not present during part of the trial, and that he was absent on bail when the jury returned their verdict into court, and were discharged. That the verdict was delivered into court open, and was entered of record. The record also shows that the defendant was absent when the jury returned their verdict. The motion was overruled. Judgment rendered, and appeal granted.

*Walker*, for appellant. It is contended for the appellant, that in all cases of felony, the verdict must be delivered in presence of the defendant in open court, and cannot be either privily given, or promulgated while he is absent. To sustain this position, we refer to 1 *Chitty Cr. Law, p.* 635. 1 *Ten. Rep.* 434. 1 *Breese Rep.* 109. 1 *Wendell Rep.* 91. 1 *Root Rep.* 90.

It was error to progress with the trial whilst the prisoner was out on bail. It is expressly declared by our statute, "That no indictment for felony shall be tried, unless the defendant be *personally present* during the trial. *Rev. St. p.* 307, *sec.* 154.

*Watkins, Att'y Gen.*, contra.

*By the Court*, SEBASTIAN, J.   The offence with which the prisoner stood charged, was *larceny*; and *this is felony*, by the common law. In such cases, by our *Rev. Statutes, page* 307, *sec.* 154, no indictment for a felony shall be tried, unless the defendant be *personally present*, during the trial. This was only declaratory, and an affirmance of the common law, which would not allow any proceeding affecting life, or liberty, to be had in the absence of the prisoner, and when any step was to be taken in the cause, the prisoner was to be present personally, lest in so important a matter, he should be prejudiced. This care of the law for his safety, was extended through the whole trial, from his arraignment to his final conviction or acquittal. No verdict, therefore, could be properly rendered in court in the prisoner's absence, because he was not there to make objection to, or avail himself of, them.

The authorities are express upon this point. 1 *Chit. Cr. Law.* 1 *Tenn. Rep.* 434. 1 *Breese Rep.* 109. 1 *Wend.* 91. And where the defendant is out on bail, the principle is the same; the law not regarding the cause of his absence, as whether he is away voluntarily or against his will. *State vs. Hurlbutt,* 1 *Root Conn. Rep.* 90. The verdict being taken in his absence, was void, consequently the court erred in entering judgment of conviction upon the finding, but should have ordered a new trial to be had. Judgment reversed, and new trial awarded.