### FREY *v.* CALHOUN CIRCUIT JUDGE.

CRIMINAL LAW—TRIAL FOR FELONY—VERDICT—VOLUNTARY AB-
SENCE OF ACCUSED.

Where one on trial for a felony, who is out on bail, fails to appear at the hour to which court has adjourned pending the deliberations of the jury, a verdict rendered in his absence is valid, notwithstanding the provision of 2 How. Stat. § 9568, that no person indicted for a felony shall be tried unless personally present during the trial.

*Mandamus* by Oren J. Frey against Clement Smith, circuit judge of Calhoun county, to compel the entry of a judgment of acquittal in a criminal case against relator. Submitted November 5, 1895.   Denied November 19, 1895.

*Hulbert & Mechem,* for relator.

*O. S. Clark,* Prosecuting Attorney, for respondent.

McGRATH, C. J.   Relator was on trial under 2 How.
Stat. § 9093.   After the jury had retired, the court ad-
journed until the next morning at 8 o'clock.   When the
court reconvened, the jury reported that they had agreed
upon a verdict.   They were admitted, rendered a verdict
of guilty, and were discharged.   Within a few minutes,
the respondent, who was out on bail, came into court,
and the fact of his absence at the time of the rendition
of the verdict was then made known to the court.
The jury had separated, but, after not less than half an
hour and not more than three-quarters of an hour had
elapsed, the jury were called together, and again an-
nounced their verdict in the presence of the respondent,
and were polled by the clerk.   Counsel for the prisoner
afterwards moved the court for respondent's discharge,
and this is an application for a *mandamus* to compel the
court to make such an order.

Relator's contention is that he was on trial for a felony;
that the statute (2 How. Stat. § 9568) provides that no
person indicted for a felony shall be tried unless person-
ally present during the trial; that the trial includes the
receipt and record of the verdict; that the first verdict
was rendered in his absence; that the second verdict was
rendered after the jury had separated; and that he has
been once in jeopardy, and is therefore entitled to his dis-
charge.

The general rule is that a trial for a felony cannot be
had without the personal presence of the accused.   We
have a statute which recognizes and embodies this rule.
2 How. Stat. § 9568.   It is also well settled that the trial
is not concluded until the verdict is received and recorded.
There are cases which hold that a verdict rendered in the
absence of the prisoner, whether he be in custody or out
on bail, is void.   *State* v. *Hurlbut,* 1 Root, 90; *Clark* v.
*State,* 4 Humph. 254; *Sneed* v. *State,* 5 Ark. 431.   Few
cases will be found which go to this extent, and, in nearly
all of the cases where a verdict rendered in the absence of
the accused has been held erroneous, the respondent has

been in custody, and has therefore been prevented from attending. When, however, the absence of the prisoner is not an enforced absence, but is voluntary, as when he is out on bail, and has been present during the trial, but voluntarily leaves the court room pending the deliberations of the jury, or neglects to appear at the adjourned hour of the court, the clear weight of authority favors the rule that a verdict rendered under such circumstances is valid and binding. In Arkansas a statute enacted since the decision of *Sneed* v. *State, supra, Brown* v. *State,* 24 Ark. 620, and *Osborn* v. *State,* Id. 629, provides that, if defendant escapes from custody pending the trial, or, if on bail, he shall absent himself, the trial may either be stopped or progress to a verdict, at the discretion of the prosecuting attorney. The constitutionality of this statute was upheld in *Gore* v. *State,* 52 Ark. 285. In *Hill* v. *State,* 17 Wis. 697, it was held that the burden was upon the prisoner to show that he was deprived of the right to be present. In *Wilson* v. *State,* 2 Ohio St. 319, it was held that when defendant is on bail it is not error to receive a verdict in his voluntary absence. In *Fight* v. *State,* 7 Ohio, 181, respondent, being on bail, had absconded during the trial, and it was held proper to proceed with the trial. In *Rose* v. *State,* 20 Ohio, 31, the prisoner was in custody, and it was held that a verdict received in his absence should have been set aside. In *Sahlinger* v. *People,* 102 Ill. 241, it was held that, where a prisoner, pending the trial, voluntarily abandons the court room, he will be regarded as having waived a right which is guaranteed to him, and the court may proceed in his absence. In *Price* v. *State,* 36 Miss. 531, it was held that, where defendant voluntarily absents himself, he cannot complain. In *Finch* v. *State,* 53 Miss. 363, respondent was in custody.

In *Barton* v. *State,* 67 Ga. 653, the court say the presence of the defendant is necessary for himself mainly in order to exercise his right to poll the jury.

"Any arrangement he had made with a private person to let him know when the jury would be ready to deliver the verdict, and the failure of such person to comply with his promise, cannot affect the point. It was his duty and obligation in his bond, as well as his right, to be present until the close of his trial,—the rendition of the verdict; and, being free, it was for him to provide so as to be present."

The court distinguishes that case from former decisions, where respondent was in custody at the time of the rendition of the verdict.

In *Lynch* v. *Com.*, 88 Pa. St. 189, defendant was on bail, and left the court room while the jury were out, and in his absence the jury came in and rendered the verdict. Held to be no ground for a motion in arrest of judgment.

The New York cases called to our attention do not determine the question here presented. In *People* v. *Perkins*, 1 Wend. 91, the prisoner was in custody. In *Maurer* v. *People*, 43 N. Y. 1, the jury returned into the court at midnight, and, in the absence of the prisoner, asked certain questions, to which the court replied. It does not appear from the reported case whether the prisoner was at liberty or not. In *Mills* v. *Com.*, 7 Leigh, 751, the verdict was defective, in that the jury had not fixed the term of imprisonment, and the court undertook to supply the omission after the discharge and separation of the jury. *State* v. *Alman*, 64 N. C. 364, involved the right of the court to discharge the jury, which had failed to agree, in the absence of the accused.

In the recent case of *Com.* v. *McCarthy*, 163 Mass. 458, the question has been fully considered, and the rule adopted that, when a defendant on trial for felony, who is on bail, voluntarily absents himself without leave when the jury retire for deliberation, and remains absent, a verdict rendered in his absence will be binding. In the present case, the court having adjourned until the next morning, the respondent was justified in assuming that nothing would be done until that time; but he was bound to take

notice of the hour at which the court convened, and his absence thereafter must be regarded as voluntary, and the court would have been justified in treating it as a waiver of his right to be present.

The verdict first rendered must be treated as valid, and the writ must therefore be denied.

The other Justices concurred.