## PEOPLE *v.* GANT.

1. CRIMINAL LAW—FELONY—RIGHT TO BE PRESENT AT TRIAL—WAIVER.

   One accused of felony who is not in custody but who, after the trial of his case has begun in his presence, voluntarily absents himself does not nullify what has been done or prevent the completion of the trial, but, on the contrary, is deemed to have waived his right to be present, leaving the court free to proceed with the trial in like manner and with like effect as if he were present (CL 1948, § 768.3).

2. SAME—RIGHT TO BE PRESENT AT TRIAL—WAIVER.

   One of 3 defendants, charged with conspiracy to violate the gaming law, who was present the first 3 days of the nonjury trial, but voluntarily absented himself on the fourth day, is deemed to have waived his right to be present, where he told the officer who was sent to investigate to go ahead without him, the attorney who represented all defendants stated he was ready to proceed without such defendant being present, and no additional testimony was taken (CL 1948, § 768.3).

3. CONSPIRACY—VIOLATION OF GAMING LAW.

   Conspiracy to violate the State gaming law is a crime (CLS 1956, § 750.505).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 14 Am Jur, Criminal Law § 199.
  Brief voluntary absence of defendant from courtroom during trial of criminal case as ground of error.   100 ALR 478.
  Power to try, in his absence, one charged with misdemeanor.   68 ALR2d 638.
[3] 24 Am Jur, Gaming and Prize Contests § 44.
[4] 24 Am Jur, Gaming and Prize Contests § 48.

4. INDICTMENT AND INFORMATION—CONSPIRACY.

A single information charging defendants with a conspiracy to violate the gambling laws in 3 counts charging them with conspiracy to gamble, conspiracy to keep a place for gambling, and conspiracy to possess gambling paraphernalia was not bad for duplicity, since it charged but 1 conspiracy with a multiplicity of criminal activities as its objects (CLS 1956, § 750.505).

Appeal from Recorder's Court of Detroit; Groat (Gerald W.), J. Submitted April 13, 1961. (Docket No. 73, Calendar No. 48,714.) Decided June 29, 1961. Rehearing denied September 21, 1961.

Sam Gant, Richard Lofton, and Samuel Kemp were convicted of conspiracy to violate the gaming laws. Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel Brezner* and *Angelo A. Pentolino,* Assistant Prosecuting Attorneys, for the people.

*Frank N. MacLean (Norman L. Zemke,* of counsel, *Henry Heading,* of counsel on application for rehearing), for defendants.

DETHMERS, C. J. The 3 defendants were charged in a single information with conspiracy to gamble, conspiracy to keep a gambling place, and conspiracy to possess gambling paraphernalia.

A jury was waived. Trial commenced before the judge with all 3 defendants, who were out on bail, present in court and represented by 1 attorney. At the end of 2 days all of the witnesses for the prosecution had testified and the people rested. On the third day of trial the 3 defendants and all other defense witnesses completed their testimony, including a character witness for defendant Lofton.

At the opening of court on the fourth day Lofton was not present in court. His attorney announced that he had heard indirectly that Lofton was in a hospital. Officers went to the hospital to ascertain the facts about Lofton's absence from court. One of the officers returned to court and testified that he had learned that Lofton had walked into the hospital during the middle of the previous night. He further testified that Lofton was in bed in the hospital, that, in the presence of a doctor and of defendant Gant, he had said to the officer that he did not think he could be present in court and that the "court should go ahead with this case without his presence." This was confirmed, in open court, by defendant Gant. The defendants' attorney then stated that the defense was "practically through", that the other 2 defendants were agreeable to going ahead with the case in Lofton's absence, and that, as attorney for all 3 defendants, he was ready to proceed without Lofton being present.

No further testimony was taken, there was some discussion of defense motions, and the defense then rested. Summations by counsel followed. Court adjourned until the next day, when counsel completed their summations, in Lofton's absence, and the court, thereupon, found the 3 defendants "guilty of conspiracy to violate the State gaming law." Several weeks later, with all 3 defendants present in court, sentence was imposed under CLS 1956, § 750.505 (Stat Ann 1954 Rev § 28.773), which permits a maximum penalty, not exceeded in this case, of 5 years' imprisonment.

On appeal here it is contended that the court committed reversible error in proceeding with the trial in Lofton's absence and "in the rendition of a general verdict of guilty where defendants are charged with violating several sections of the criminal statutes."

CL 1948, § 768.3 (Stat Ann § 28.1026), provides:

"Sec. 3. No person indicted for a felony shall be tried unless personally present during the trial; persons indicted or complained against for misdemeanors may, at their own request, through an attorney, duly authorized for that purpose, by leave of the court, be put on trial in their absence."

In *People* v. *Medcoff*, 344 Mich 108, this Court, after quoting that statutory provision, said that its fair implication is that a misdemeanant punishable by a maximum sentence of 2 years in the State prison, as well as a felon, is entitled to be present. It was also said, in the opinion in that case, however, that the record presented no question of waiver of the right to be present or of failure of counsel to object to proceeding in defendant's absence. In the instant case the record is otherwise in those 2 respects. Not only does the record show waiver by defendant Lofton, but approval by his counsel.

In *Frey* v. *Calhoun Circuit Judge*, 107 Mich 130, this Court said:

"The general rule is that a trial for a felony cannot be had without the personal presence of the accused. We have a statute which recognizes and embodies this rule. How Stat § 9568. It is also well settled that the trial is not concluded until the verdict is received and recorded. There are cases which hold that a verdict rendered in the absence of the prisoner, whether he be in custody or out on bail, is void. *State* v. *Hurlbut*, 1 Root (Conn) 90; *Clark* v. *State*, 4 Humph (23 Tenn) 254; *Sneed* v. *State*, 5 Ark 431 (41 Am Dec 102). Few cases will be found which go to this extent, and, in nearly all of the cases where a verdict rendered in the absence of the accused has been held erroneous, the respondent has been in custody, and has therefore been prevented from attending. When, however, the absence of the prisoner is not an enforced absence,

but is voluntary, as when he is out on bail, and has been present during the trial, but voluntarily leaves the courtroom pending the deliberations of the jury, or neglects to appear at the adjourned hour of the court, the clear weight of authority favors the rule that a verdict rendered under such circumstances is valid and binding.   *   *   *

"In the present case, the court having adjourned until the next morning, the respondent was justified in assuming that nothing would be done until that time; but he was bound to take notice of the hour at which the court convened, and his absence thereafter must be regarded as voluntary, and the court would have been justified in treating it as a waiver of his right to be present."

In *Diaz* v. *United States*, 223 US 442, 455 (32 S Ct 250, 56 L ed 500), the rule is stated thus:

"Where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present."

In defendants' brief it is conceded that a defendant may waive his right to be present at trial and that such waiver was here attempted, but they say the waiver was insufficient. No showing was made that Lofton was not able to leave the hospital and come into court. In fact, no showing of any kind was made by the defense to justify Lofton's absence. The court had nothing before it on the subject except the testimony of the officer it had sent to the hospital to investigate, confirmed by defendant Gant, as already herein noted, and, of course, that officer's testimony that a doctor there had said that Lofton possi-

bly could appear in court was hearsay and not properly to be considered.

In view of all the circumstances attending Lofton's absence and the occurrences in court on the morning in question, and the fact that no additional testimony was taken concerning the criminal charge and no further proceedings were had to which Lofton's presence could have been vital or important, we conclude that he must be deemed to have waived his right to presence at that time.

Defendants cite *People* v. *Stuart,* 274 Mich 246, and *People* v. *Huffman,* 315 Mich 134, in support of their contention that the court's verdict was rendered erroneously. Stuart was charged with embezzlement and with larceny by conversion. This Court said that the essential elements of these 2 statutory offenses were different, that different maximum penalties were prescribed by statute, and that a determination of "guilty as charged" would leave defendant uninformed as to the offense of which he was convicted. Huffman was charged with breaking and entering a store building in the nighttime with intent to commit larceny therein, and with larceny. The jury returned a verdict of "guilty as charged." The maximum penalty for the first offense was 15 years and for the second 4 years. Sentence imposed was 5 to 15 years. It could not be known of which of the 2 offenses defendant had been convicted. The elements of the 2 offenses there involved differed. Hence, the reversal in this Court.

The court here found defendants "guilty of conspiracy to violate the State gaming law." Defendants say there is no such crime. That terminology and offense are well known, however, in cases in which convictions thereof have been affirmed in this Court. *People* v. *Taylor,* 341 Mich 570; *People* v. *Simms,* 322 Mich 362; *People* v. *Bommarito,* 309 Mich 139.

As the people well state in their brief, this is not a case, such as *Stuart* or *Huffman,* in which 2 separate and distinct offenses are charged. Rather, a single conspiracy to violate the antigambling laws is charged, detailing, in 3 separate counts, 3 of the "operational ingredients" of that 1 conspiracy. In *People* v. *Chambers,* 279 Mich 73, defendants were charged with conspiracy to steal, to receive and to dispose of stolen goods. The information was held not bad for duplicity inasmuch as but 1 conspiracy was charged with a multiplicity of criminal activities as its objects. So it is here. Defendants were charged with a conspiracy to violate the gambling laws and, in furtherance thereof, to gamble, keep a place for gambling, and possess gambling material.

Affirmed.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.