PEOPLE v SWAN

1. CRIMINAL LAW—TRIAL—FELONY—PRESENCE OF ACCUSED—STAT-
   UTES.

   No person indicted for a felony shall be tried unless personally
   present during the trial (MCLA 768.3).

2. CRIMINAL LAW—TRIAL—PRESENCE OF ACCUSED—WAIVER—EVI-
   DENCE.

   The right of an accused to be present at various stages of judicial pro-
   ceedings may be voluntarily waived, however nothing in the na-
   ture of evidence should be taken in the absence of the accused.

3. CRIMINAL LAW—TRIAL—FELONY—PRESENCE OF ACCUSED—FAILURE
   TO APPEAR—CAPIAS—FORFEITURE OF BOND.

   The proper procedure for a trial court to follow when a defendant
   charged with a felony who is free on bond does not appear is to
   enter a *capias* and order forfeiture of the bond and no proceed-
   ings in the nature of a trial should be conducted in the
   defendant's absence.

4. CRIMINAL LAW—MISTRIAL—MANIFEST NECESSITY—PRESENCE OF AC-
   CUSED—FAILURE TO APPEAR—LATER PROSECUTION—STATUTES.

   Declaration of a mistrial will not bar a later prosecution where
   there is a manifest necessity for the mistrial, and where a
   defendant who was free on bond failed to appear during his
   trial, such a manifest necessity is provided by the statutory
   mandate that all accused felons be tried only in their personal
   presence (MCLA 768.3).

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted Division 2 February 6, 1975, at Lansing.
(Docket No. 19157.) Decided March 11, 1975. Leave
to appeal applied for.

Jerry O. Swan was convicted of armed robbery.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law § 271 *et seq.*
Exclusion of public during criminal trial. 48 ALR2d 1436.

*Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*R. George Economy,* for defendant on appeal.

Before: Bashara, P. J., and R. B. Burns and M. J. Kelly, JJ.

M. J. Kelly, J. Defendant was charged with armed robbery, MCLA 750.529; MSA 28.797. He was convicted of that offense by a jury. On appeal, he raises one issue that merits our careful attention. He claims that portions of his trial were improperly conducted in his absence.

On the day set for trial, January 3, 1973, defendant appeared with his retained counsel. Counsel fully and competently participated in the process of selecting jurors. He asked questions of jurors, exercised peremptory challenges and challenges for cause and conferred with defendant.

After the noon-hour recess, defendant asked the court to remove his attorney from the case. The attorney's retainer had not been paid and he had previously moved to withdraw, which motion had been denied. Defendant-appellant stated to the court that because of the financial disagreement, he did not feel that the attorney would adequately represent him. After advising defendant against discharging counsel, the court explained to the defendant that since the jury had been sworn, the trial would proceed. Defendant insisted that his attorney be discharged and the court granted his request. Defendant then requested an adjournment to obtain substitute counsel. He did not want court-appointed counsel and he did not want to represent himself. The trial was adjourned for half a day to enable defendant to retain substitute counsel.

The next morning, January 4, 1973, court reconvened at 9:30 a.m. The court addressed the defendant in open court as follows:

"*The Court:* Mr. Swan, yesterday we recessed for purposes of permitting you to contact another attorney and to have the attorney here. Have you made the arrangements to have an attorney here today?

"*Defendant:* I make arrangements but won't no attorney accept the case, sir, and I can't represent myself."

The court then ordered the jury back into the courtroom and told the prosecutor to make his opening statement. After his opening statement the prosecutor called his first witness and after direct examination was completed the court addressed the defendant:

"*The Court:* Mr. Swan, you may ask this witness any questions you desire concerning this incident or concerning any aspect of the alleged charge.

"*Defendant:* I would like to have a lawyer.

"*The Court:* We'll excuse the jury to the jury room—just a moment, folks, you may remain there.

"Mr. Swan, as I indicated to you earlier, that has been resolved. Now, the court would caution you not to keep repeating that because the court will have to take steps to correct it if you do. My question to you now is do you desire to ask this witness any questions in cross-examination?

"*Defendant:* I'm not representing myself.

"*The Court:* Do you desire to ask this witness any questions?

"*Defendant* (no response)."

After further colloquy the court ordered a recess:

"*The Court:* All right. We'll continue the recess for about 5 to 10 minutes and then we'll commence again. You are of course at liberty to come and go as you please."

After the recess a second and third witness were called by the prosecutor and defendant was offered cross-examination to which he gave no response. The court recessed at noon and reconvened at 1:30 p.m. The defendant did not appear. The court waited for him until 3:30 p.m. and then recessed until the following Monday, January 8, 1973 at 9:30 a.m. Bond was declared forfeited and a bench warrant issued. Over the long weekend neither the police officers nor the defendant's bondsman were able to find the defendant.

The trial continued on January 8, 1973 in defendant's absence. Four witnesses were called and the prosecutor summed up.

When charging the jury the court included an instruction that the jury was not to consider defendant's absence in deciding whether or not he was guilty. After the verdict had been returned, the trial judge explained to the jury the cause for the delay and apologized for the inconvenience defendant had caused the jurors and witnesses. He also intimated why he had not declared a mistrial:

"Now, that swearing of the jury is an important thing in our judicial process because once a jury is sworn, that jury must proceed to determine innocence or guilt, and that jury is obligated to do that and the Judge must see that they do that unless a mistrial is declared. But unfortunately in the last six months the appellate courts above me have made some highly unusual decisions about mistrial, which are of such a nature that the trial judge is very reluctant to step in and say mistrial. Because if I do, then the case, whether it would ever get to trial again I don't know, because the Court has said in a couple of other cases, not on point but similar, well, it's double jeopardy, you can't try the man any more.

"So, the question is what do we do in our case? If I step in and say, well, it's a mistrial, send these jurors

home, send the witnesses home, and when we catch the defendant again we'll try him then, some of these decisions indicate that I can't do that. Other cases say, seem to say, and there are many cases right on point, they seem to say, well, the law says that the Defendant must be present during a felony trial. You can't conduct a trial with a Defendant not being here.

\* \* \*

"So it was my feelings that on the one hand, A, if I step in and say this is a mistrial and send you home, there was a possibility that the Defendant would never be tried again because some Judge up above me might conclude double jeopardy. Conversely, if I proceeded with the trial and treated his absence as a waiver on his part, the most that the Courts up above me can do is say, Judge, that was the wrong decision, so go back and try it again, which is not as detrimental."

We appreciate the situation in which the trial judge found himself. We can also appreciate his apprehension of what might happen on appeal and his concern that neither party be irreparably harmed by the way he decided to handle the dilemma.

That is not to say that the trial was error free. MCLA 768.3; MSA 28.1026 provides:

"No person indicted for a felony shall be tried unless personally present during the trial; persons indicted or complained against for misdemeanors may, at their own request, through an attorney, duly authorized for that purpose, by leave of the court, be put on trial in their absence."

The right to be present at various stages of judicial proceedings may be voluntarily waived,

"However, nothing in the nature of evidence should be taken in the absence of the accused." *People v Medcoff,* 344 Mich 108, 116; 73 NW2d 537, 543 (1955).

This Court said in *People v Ewing,* 48 Mich App 657, 661; 211 NW2d 56, 58 (1973):

"If a defendant who is free on bond does not appear, the proper procedure is to enter a *capias* and order forfeiture of the bond. No proceedings in the nature of a trial should be conducted in defendant's absence. Defendant need show no prejudice."

We do not believe that the trial judge's fear that a mistrial would bar subsequent prosecution was well-founded. The test to be applied was first stated in *United States v Perez,* 22 US (9 Wheat) 579, 580; 6 L Ed 165 (1824):

"We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere."

The "manifest necessity" test is definitive in Michigan. *In re Ascher,* 130 Mich 540; 90 NW 418 (1902), *People v Sharp,* 163 Mich 79; 127 NW 758 (1910), *People v Schepps,* 231 Mich 260; 203 NW 882 (1925), *In re Earle,* 316 Mich 295; 25 NW2d 202 (1946), *People v Anglin,* 6 Mich App 666; 150 NW2d 532 (1967), lv den, 379 Mich 780 (1967), *People v Henley,* 26 Mich App 15; 182 NW2d 19 (1970). We are confident that the statutory mandate that all accused felons be tried only in their personal presence provides the "manifest necessity" required to justify declaring a mistrial without barring later prosecution.

Reversed and remanded for a new trial.