PEOPLE v SWAN

Docket No. 56847. Decided July 23, 1975. Certiorari denied by the
    Supreme Court of the United States November 17, 1975.

Application for leave to appeal by the people from a decision of
    the Court of Appeals, Bashara, P. J., and R. B. Burns and M. J.
    Kelly, JJ., reversing the conviction of Jerry O. Swan (Docket
    No. 19157). Court of Appeals reversed, and conviction and
    sentence reinstated.

59 Mich App 409; 229 NW2d 476 (1975) reversed.

CRIMINAL LAW—TRIAL—PRESENCE OF DEFENDANT—WAIVER.

A defendant's voluntary absence from the courtroom after trial
    has begun waives his right to be present and does not preclude
    the trial judge from proceeding with the trial to conclusion.

*Frank J. Kelley,* Attorney General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*R. George Economy* for defendant.

MEMORANDUM OPINION. Defendant was convicted of armed robbery. The Court of Appeals reversed his conviction because part of the testimony and the jury's verdict were received in defendant's absence. 59 Mich App 409; 229 NW2d 476 (1975). The people seek review by this Court.

The record in the instant case discloses that defendant, who had been released on bond, did not reappear in the courtroom after a mid-trial recess. The trial judge waited several hours for his return

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 287.
Power to try, in his absence, on charged with misdemeanor, 68
    ALR2d 638.

and then adjourned the case. When court reconvened four days later, defendant had not reappeared, and testimony was received regarding attempts to locate the defendant. The trial judge then directed that the trial be completed in defendant's absence, and the jury found the defendant guilty of the charged offense.

A defendant's *voluntary* absence from the courtroom after trial has begun waives his right to be present and does not preclude the trial judge from proceeding with the trial to conclusion. *People v Gant,* 363 Mich 407; 109 NW2d 873 (1961); *Frey v Calhoun Circuit Judge,* 107 Mich 130; 64 NW 1047 (1895); *Diaz v United States,* 223 US 442; 32 S Ct 250; 56 L Ed 500 (1912); *Taylor v United States,* 414 US 17; 94 S Ct 194; 38 L Ed 2d 174 (1973). This Court, therefore, in lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), reverses the judgment of the Court of Appeals and reinstates defendant's conviction and sentence.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.