PEOPLE v BRINSON

1. CONSTITUTIONAL LAW—FEDERAL AND STATE PROSECUTIONS—DOUBLE JEOPARDY—SAME ACTS.

A person may be liable to punishment for infraction of law of the United States and of a state for the same act.

2. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—MISTRIAL—MANIFEST NECESSITY—CONSENT OF DEFENDANT.

A second trial of a defendant for the same crime after a mistrial is declared is not violative of the double jeopardy prohibitions where (1) manifest necessity requires the mistrial, or (2) the defendant consents to the mistrial.

3. CRIMINAL LAW—DOUBLE JEOPARDY—MANIFEST NECESSITY—ABSENCE OF DEFENDANT—WAIVER.

A defendant's voluntary absence from the courtroom after his trial has begun does not create a manifest necessity for declaring a mistrial since by such absence he is deemed to have waived his right to be present and the trial may proceed to a conclusion without him.

4. CONSTITUTIONAL LAW—ESSENTIAL RIGHTS—WAIVER BY COUNSEL— DOUBLE JEOPARDY BAR—CONSENT TO MISTRIAL.

Waiver by defense counsel of his client's right to not be twice placed in jeopardy for the same offense, by consenting to a mistrial when defendant voluntarily absented himself from the trial, is not one of the essential rights which cannot be waived by an attorney for his client.

Appeal from Genesee, Harry B. McAra, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 332.

21 Am Jur 2d, Criminal Law §§ 166, 185.

[2–4] 21 Am Jur 2d, Criminal Law §§ 180, 195.

What constitutes accused's consent to court's discharge of jury or to grant of state's motion for mistrial which will constitute waiver of former jeopardy plea. 63 ALR2d 782.

mitted February 10, 1976, at Lansing. (Docket No. 20581.) Decided March 23, 1976.

John Brinson was convicted of conspiring to obtain money by false pretenses and of obtaining money by false pretenses. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Judith Fullerton,* Assistant Prosecuting Attorney, for the people.

John Brinson, *in propria persona.*

Before: BRONSON, P. J., and McGREGOR and R. M. MAHER, JJ.

McGREGOR, J. Defendant, John Brinson, was found guilty by the trial court, sitting without a jury, of conspiring to obtain money by false pretenses (MCLA 750.157a; MSA 28.354[1]) and of obtaining money by false pretenses (MCLA 750.218; MSA 28.415). He appeals, *in propria persona,* as a matter of right.

Defendant raises nine issues for our consideration. However, only one is of sufficient merit to warrant discussion. The defendant claims that on two separate occasions his constitutional right not to be "twice put in jeopardy" was violated.

Defendant first contends that since he was previously prosecuted in Federal court, the State of Michigan was thereby precluded from bringing similar charges based on the same transaction. We reject this contention. See *People v Cooper,* 58 Mich App 284; 227 NW2d 319 (1975).

Defendant also argues that his right not to be

placed twice in jeopardy was violated when, after a first trial resulted in a mistrial, he as again tried for the same offense. Defendant claims that since there was no manifest necessity for declaring the mistrial, he could not constitutionally be retried.

In *People v Grimmett*, 388 Mich 590; 202 NW2d 278 (1972), our Supreme Court held that the double jeopardy clause does not operate to bar all retrials of a cause subsequent to a mistrial having been granted. The Court stated:

"Two types of situations are recognized where a second trial is permitted. First, in those situations where 'manifest necessity' requires it, and second, in those cases where the defendant consents to a mistrial." 388 Mich 590, 598. (Footnote deleted.)

In the instant case, the trial court entered an order declaring a mistrial for the reason that the defendant had voluntarily absented himself from appearing in court. Prior to the entry of this order, the trial court discussed this matter with the prosecutor and the defendant's attorney on the record. The proceedings opened with the trial court indicating that the defendant was not present for the trial the day before nor on the present date. The trial court then inquired of defense counsel if he had any knowledge of the defendant's whereabouts. Counsel responded in the negative. The court then inquired of the respective attorneys as to what they would recommend. The prosecutor recommended that the trial be continued notwithstanding the defendant's absence, but defense counsel objected to this and suggested that the proceedings be stayed for one more day or that a mistrial be declared. The trial court responded that he felt that declaring a mistrial would be the better course of action to follow. When defense

counsel was then asked if he would consent to the entry of an order declaring a mistrial, he responded that he would do so.

Defendant's argument on appeal that there was no manifest necessity for declaring the mistrial is well taken. In *People v Swan,* 394 Mich 451; 231 NW2d 651 (1975), the Supreme Court held that a defendant's voluntary absence from the courtroom after trial has begun waives his right to be present and does not preclude the trial judge from proceeding with the trial to conclusion. Thus, since the trial court could have properly continued defendant's trial in the present case, the granting of the mistrial cannot be said to have been required by manifest necessity.

However, the second exception to the double jeopardy clause is that a defendant may be retried if he consents to the declaration of a mistrial.

In the present case, as noted above, defense counsel consented to the mistrial, but the defendant did not. Thus, the sole issue to be resolved is whether a defense counsel's consent to a mistrial can operate as the valid consent of his client.

We find *People v Belen Johnson,* 62 Mich App 63; 233 NW2d 188 (1975), to be dispositive of this issue. In that case, our Court held that defense counsel's consent to the granting of a mistrial was binding on the defendant even though the defendant himself did not actually consent. The Court stated:

"Incontestably, the record in the instant case clearly manifests the desire of defense counsel to terminate the proceedings and forgo any right defendant might have to proceed to judgment before the involved jury. However, defendant claims that this does not suffice to

evidence a waiver of his right not to be twice place in jeopardy for the same offense. There must, he contends, be an of-record waiver of this right by defendant *himself.* Any purported waiver of defendant's rights not complying with this procedure necessarily must, it is alleged, give way as being inconsistent with applicable case law limitations vis-a-vis waiver of constitutional rights.

"The defendant, in effect, attempts to place the waiver of the double jeopardy bar in the class of rights which may be waived only by defendant and not by his counsel. In *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), this Court stated that some rights are so essential that an attorney cannot waive them for a defendant. Given as examples of such rights were the right to a jury trial * * * , and the right to counsel * * * . In *Degraffenreid,* this Court held that the right to have a court suppress illegally seized evidence is not a right which historically has been so completely protected that it can be waived only by the defendant personally. We think that the decision by defense counsel to seek a mistrial falls within the same general category." 62 Mich App 63, 68–69.

The facts of the present case are far more compelling than they were in *Belen Johnson, supra.* When the defendant chose voluntarily to absent himself from the trail, he placed his counsel in a serious dilemma. Defense counsel could have either consented to the mistrial or have allowed the trial to continue in the defendant's absence. Under these circumstances, it would appear that defense counsel's decision to consent to the mistrial was in his client's best interests. Defendant cannot now complain that this decision did not ultimately inure to his benefit. Consequently, we hold that the defendant's retrial did not violate his right not to be twice placed in jeopardy.

Affirmed.