PEOPLE v GROSS

Docket No. 55967. Submitted May 7, 1982, at Grand Rapids.—Decided
    July 19, 1982.

Stanley Gross was convicted of breaking and entering a building
    with the intent to commit larceny and possession of burglary
    tools, Genesee Circuit Court, Philip C. Elliott, J. The defendant
    appeals alleging that: (1) the trial court abused its discretion in
    refusing to grant an adjournment when the defendant failed to
    appear for the second and final day of the trial; (2) his convic-
    tion of possession of burglar's tools should be reversed because
    a crowbar is not a burglar tool; and (3) the trial court has the
    authority to resentence the defendant if and when the circum-
    stances warrant. *Held:*

    1. The trial court did not err in refusing to grant an adjourn-
    ment. Although a defendant's right to be present at his trial is
    a right guaranteed to him by statute and by the Due Process
    Clause of the Fourteenth Amendment, a defendant may waive
    both his statutory and constitutional right to be present during
    trial by failure to appear for trial. A trial court may proceed
    with the trial where a defendant voluntarily does not appear
    for trial.

    2. The defendant's argument that the prosecution failed to
    show that the crowbar which he possessed was adapted and
    designed for an illegal purpose has no merit. The arresting
    officer testified that he observed the defendant using the crow-
    bar during the burglary to pry off a coin unit on a pool table
    and to smash the glass on pinball machines, a jukebox, and a
    cigarette machine.

    3. Because the trial court determined that the defendant's
    original sentence was valid and properly declined to resentence

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Continuance § 3.
[2] 21A Am Jur 2d, Criminal Law §§ 698-700, 902, 925, 929, 930.
[3] 13 Am Jur 2d, Burglary § 74.
    Construction and application of statutes relating to burglars' tools.
        33 ALR2d 798.
[4] 21 Am Jur 2d, Criminal Law § 583.

the defendant, there is no reason for granting the trial court authority to resentence the defendant at some future time.

Affirmed.

1. TRIAL — ADJOURNMENT.

The granting or denial of an adjournment of a trial rests within the sound discretion of the trial court; a trial court's decision to grant or deny an adjournment in a criminal case should be reversed on appeal only upon a finding of an abuse of discretion which resulted in prejudice to the accused.

2. CRIMINAL LAW — TRIAL — RIGHT TO BE PRESENT AT TRIAL.

The right to be present at one's trial is a fundamental right guaranteed to a criminal defendant both by statute and by the Due Process Clause of the Fourteenth Amendment and nothing in the nature of evidence should be taken when the defendant is not present; a criminal defendant's right to be present at trial may be waived like any other constitutional guarantee; the defendant may waive this right by his conduct in the courtroom or through failure to appear for trial (US Const, Am XIV; MCL 768.3; MSA 28.1026).

3. CRIMINAL LAW — POSSESSION OF BURGLARY TOOLS.

The element of the offense of possession of burglar's tools requiring that the tool be adapted and designed for an illegal purpose was shown by the prosecution where the arresting officer testified that he observed the defendant using a crowbar during the burglary to pry off a coin unit on a pool table and to smash the glass on pinball machines, a jukebox, and a cigarette machine (MCL 750.116; MSA 28.311).

4. CRIMINAL LAW — SENTENCING — CHANGING A SENTENCE.

A trial court has limited authority to change a validly imposed sentence; a court's authority to resentence depends upon whether the previously imposed sentence is invalid.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Bennett S. Engelman,* for defendant.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant was convicted by a jury of breaking and entering a building with the intent to commit larceny, MCL 750.11; MSA 28.305, and possession of burglar's tools, MCL 750.116; MSA 28.311. He was sentenced to five to ten years imprisonment for each offense, the sentences to run concurrently. Defendant appeals as of right.

Defendant raises three issues on appeal. First, he contends that the trial court abused its discretion in refusing to grant an adjournment when the defendant failed to appear for the second and final day of the trial.

On September 25, 1980, the trial commenced and the jury was impaneled and sworn. The defendant, who was still on personal liberty, was present on that day. However, when court resumed the next day, defendant failed to appear. The court waited approximately two hours. Defense counsel stated on the record that defendant knew that he was to appear at 8 a.m. that day. Officer William Carrington testified that the police department had dispatched a car to 3001 Douglas Street, the address given by defendant to defense counsel and the court. Defendant's parents, who lived at 3001 Douglas, informed the officers that defendant no longer lived there. Defendant's parents informed the officers that they believed defendant was staying somewhere on Grand Blanc Road with "some kid".

Defense counsel asked for an adjournment due to defendant's absence. The court stated that it was satisfied that defendant had voluntarily absented himself from the trial and, therefore, the trial would proceed without him. The court issued a bench warrant for defendant and ordered the trial to continue. After the prosecution rested its

case, defense counsel again moved for an adjournment. The court denied defense counsel's motion. The case concluded without any witnesses testifying for the defense. The court gave an instruction on intoxication and instructed the jury that defendant's failure to appear could not be considered by them.

It is well settled that the granting of an adjournment rests within the sound discretion of the trial court, although in a criminal case a somewhat stricter standard is used. *People v Charles O Williams,* 386 Mich 565, 572; 194 NW2d 337 (1972), *People v Taylor,* 110 Mich App 823, 832; 314 NW2d 498 (1981). Therefore, reversal is mandated only upon a finding of an abuse of discretion which resulted in prejudice to the accused.

The defendant's right to be present at his trial is a right guaranteed to him by statute, MCL 768.3; MSA 28.1026, and by the Due Process Clause of the Fourteenth Amendment. *Illinois v Allen,* 397 US 337; 90 S Ct 1057; 25 L Ed 2d 353 (1970). Therefore, nothing in the nature of evidence should be taken when the defendant is not present. *People v Morgan,* 400 Mich 527; 255 NW2d 603 (1977), *People v Montgomery,* 64 Mich App 101; 235 NW2d 75 (1975). However, a defendant may waive both his statutory and constitutional right to be present during trial. *Illinois v Allen, supra, People v Swan,* 394 Mich 451; 231 NW2d 651 (1975). The defendant may waive his right to be present through improper and disruptive behavior in the courtroom or through failure to appear for trial. *Illinois v Allen, supra, Diaz v United States,* 223 US 442; 32 S Ct 250; 56 L Ed 500 (1912), *People v Swan, supra, People v Travis,* 85 Mich App 297; 271 NW2d 208 (1978), *People v Montgomery, supra.*

Defendant contends that the trial court could not conclude that the defendant was knowingly and voluntarily waiving his right to be present at trial simply by his failure to appear. Defendant does not argue that his absence was not voluntary. In fact, the sentencing transcript reveals that defendant voluntarily absented himself from trial. Nor does defendant claim that he was unaware that the trial would continue in his absence. Rather, defendant argues that the trial court had insufficient evidence on which to conclude that defendant had knowingly and voluntarily waived his right to be present at trial when it denied defense counsel's motion for adjournment.

In *People v Swan, supra,* 452, the Court found that the trial court may proceed with the trial in the defendant's absence:

"A defendant's *voluntary* absence from the courtroom after trial has begun waives his right to be present and does not preclude the trial judge from proceeding with the trial to conclusion. *People v Gant,* 363 Mich 407; 109 NW2d 873 (1961); *Frey v Calhoun Circuit Judge,* 107 Mich 130; 64 NW 1047 (1895); *Diaz v United States,* 223 US 442; 32 S Ct 250; 56 L Ed 500 (1912); *Taylor v United States,* 414 US 17; 94 S Ct 194; 38 L Ed 2d 174 (1973)." (Emphasis in original.)

The rationale for allowing the trial to continue when a defendant is voluntarily absent from the trial was stated in *Diaz v United States,* 223 US 442, 457; 32 S Ct 250, 254; 56 L Ed 500, 506 (1912):

" 'It does not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced. The practical result of such a proposition, if allowed to

be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it. For by the statute (US Rev Stat § 1015, US Comp Stat 1901, p 718) he is entitled as a matter of right to be enlarged upon bail "in all criminal cases where the offense is not punishable by death;" and therefore, in all such cases, he may, by absconding, prevent a trial. This would be a travesty of justice which could not be tolerated; and it is not required or justified by any regard for the right of personal liberty. On the contrary, the inevitable result would be to abridge the right of personal liberty by abridging or restricting the right now granted by the statute to be abroad on bail until the verdict is rendered. * * *' "

Thus, we find no error on the part of the trial court in refusing to grant an adjournment.

Defendant also claims that his conviction of possession of burglar's tools, MCL 750.116; MSA 28.311, must be reversed because a crowbar is not a burglar tool. At the time of his arrest, defendant was in possession of a crowbar.

MCL 750.116; MSA 28.311, states:

"Any person who shall knowingly have in his possession any nitroglycerine, or other explosive, thermite, engine, machine, tool or implement, device, chemical or substance, adapted and designed for cutting or burning through, forcing or breaking open any building, room, vault, safe or other depository, in order to steal therefrom any money or other property, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ the same for the purpose aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years."

Defendant does not argue that the elements of knowledge and intent were absent. Rather, defendant argues that the prosecution failed to show

that the crowbar was "adapted and designed" for an illegal purpose.

We find that defendant's argument has no merit. The arresting officer testified that he observed the defendant using the crowbar during the burglary to pry off a coin unit on a pool table, and to smash the glass on pinball machines, a jukebox, and a cigarette machine. See *People v Kremko,* 52 Mich App 565, 575-576; 218 NW2d 112 (1974), *People v Ross,* 39 Mich App 697; 198 NW2d 439 (1972), *People v Murphy,* 28 Mich App 150, 156-158; 184 NW2d 256 (1970).

Finally, defendant seeks to have this Court rule that the trial court has the authority to resentence the defendant if and when the circumstances warrant.

Defendant was sentenced on November 8, 1980. During sentencing, the trial court stated:

"If in the opinion of the prison authorities that your mental condition warrants further examination, and there is a request by them for any further reconsideration of the sentence, I will give it consideration, and depending upon what information I receive from them, decide whether any change is possible and desirable."

On or about October 19, 1981, the trial court received a letter from the Center for Forensic Psychiatry. The letter expressed the belief of a certified forensic clinician that defendant had come a long way in dealing with his frustrations. On November 4, 1981, the defendant filed a motion in this Court to allow a remand of his case to the trial court for the purpose of reevaluating defendant's sentence of November 8, 1980. This Court granted defendant's motion and his case was remanded to the trial court; whereupon, defendant filed a motion for resentencing. The trial court

denied defendant's motion by an order dated December 16, 1981. In an opinion filed on December 16, 1981, the trial court found that (1) defendant's mental condition warrants further examination, (2) the sentence of November 8, 1980, was a valid sentence, and (3) the ability of the trial court to resentence at the request of the executive branch is uncertain.

On appeal, the defendant claims that this Court should rule that in the event the trial court finds, after hearing from the appropriate persons, that a reduction in defendant's sentence is appropriate, then the trial court should have the opportunity to resentence the defendant. We decline to so rule.

It is well established that a trial court has limited authority to change a validly imposed sentence. *People v Fox,* 312 Mich 577, 582; 20 NW2d 732 (1945). To do so "would infringe on the exclusive power of the Governor under the Constitution to commute sentence". Const 1963, art 5, § 14, *People v Joseph,* 384 Mich 24, 33; 179 NW2d 383 (1970). A court's authority to resentence depends upon whether the previously imposed sentence is invalid. *People v Whalen,* 412 Mich 166, 169; 312 NW2d 638 (1981), *People v Williams,* 65 Mich App 531, 533; 237 NW2d 545 (1975), *People v Biniecki,* 35 Mich App 335; 192 NW2d 638 (1971). Because the trial court in the instant case determined that the defendant's original sentence was valid, and properly declined to resentence the defendant, we find no reason for granting the trial court authority to resentence the defendant at some future time.

Affirmed.