# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDREW JACKSON, JR.,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2016

No. 328580
Wayne Circuit Court
LC No. 15-001877-01-FC

Before: SERVITTO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his nonjury convictions of carjacking, MCL 750.529a, armed robbery, MCL 750.529, two counts of felonious assault, MCL 750.82, carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm, MCL 750.224f, resisting or obstructing a police officer, MCL 750.81d, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 45 to 50 years each for the carjacking and robbery convictions, 10 to 15 years each for the felonious assault, CCW, felon-in-possession, and resisting or obstructing convictions, and a consecutive two-year term of imprisonment for the felony-firearm conviction. Affirm in part, however we remand for resentencing.

## I. BASIC FACTS

On the morning of January 12, 2015, Phyllis Knox was preparing to drive her two grandsons to school. The two boys waited inside Knox's car, a Chevrolet HHR, while Knox brushed the snow from the windows. A man accosted Knox, pointed a gun at her face, announced a robbery, and demanded the keys to her car. The man then opened the driver's door, pointed the gun at the two boys, and ordered them out of the car. Once the boys got out, the man got inside the car and drove away. Knox identified defendant as the man who took her car.

The vehicle was located outside defendant's sister's house and the police set up surveillance. Eventually, defendant left the house, got into the car, and drove away. The police followed him. When defendant stopped at another location, the police tried to take him into custody. Defendant ran away and then fought with the officer who caught him. Defendant was wearing the same clothing that Knox and one of her grandsons had described, and a loaded gun was found in his pocket.

-1-

Defendant testified that he was at home with his wife at the time of the carjacking. He claimed that he left his house sometime later in his own car and went to a drug house, but when he left the drug house, he discovered that his car had a flat tire. According to defendant, another man at the drug house told him that he could use a Chevrolet HHR that was parked outside. A distinctive jacket matching the description provided by Knox and her grandson was inside the car. The jacket was defendant's size, so he put it on. Defendant also disputed the circumstances surrounding his arrest. He explained that when the police tried to apprehend him, he ran away because he did not know they were the police. Once he was caught, however, he allowed the officer to take him into custody. Defendant claimed that the officer handcuffed him and beat him up, and "planted" the gun that was found in his pocket.

The trial court disbelieved defendant's testimony, labeling it "completely and utterly preposterous," and found defendant guilty of the crimes noted earlier.

## II. WITHDRAWAL OF THE JURY WAIVER

Before trial, defendant appeared in court and waived his right to a jury trial. On the day scheduled for trial, defendant asked to withdraw his jury waiver, a request that the trial court denied. Defendant now argues that the trial court violated his right to a jury trial by refusing to allow him to revoke his prior jury waiver. We disagree.

A trial court's ruling on a motion to withdraw a jury waiver is reviewed for an abuse of discretion. *People v Wagner*, 114 Mich App 541, 558-559; 320 NW2d 251 (1982). The trial court abuses its discretion when its decision results in an outcome falling outside the range of principled outcomes. *People v Carnicom*, 272 Mich App 614, 617; 727 NW2d 399 (2006).

A criminal defendant has a fundamental constitutional right to a jury trial. *People v Allen*, 466 Mich 86, 90; 643 NW2d 227 (2002). By law, a defendant is, "with the consent of the prosecutor and approval by the court," permitted to waive his right to a jury trial. MCL 763.3. A waiver is valid if it is "knowingly and voluntarily made." *People v Cook*, 285 Mich App 420, 422; 776 NW2d 164 (2009). Before accepting a waiver, the court must advise the defendant of his right to a trial by jury and ascertain, by questioning the defendant personally, that he understands and voluntarily chooses to give up that right and be tried by the court. MCR 6.402(B). A defendant's waiver is presumed to be knowingly and voluntarily made when taken in compliance with the court rule. *People v Mosly*, 259 Mich App 90, 96; 672 NW2d 897 (2003). The record shows that the trial court advised defendant of his right to a jury trial and explained the difference between a jury trial and a bench trial. Defendant stated that he understood and was "freely and voluntarily" waiving his right to a jury trial. He also signed a written waiver form that contained the language necessary for a waiver. MCL 763.3. Thus, the waiver was presumptively valid and defendant has not presented any evidence to rebut that presumption.

"A defendant has no right to withdraw a waiver of jury trial once it is validly made[.]" *Cook*, 285 Mich App at 423. However, a court may permit a defendant to withdraw a waiver for good cause shown. *Wagner*, 114 Mich App at 558-559. "Good cause" has been defined as "a legally sufficient or substantial reason," *In re Utrera*, 281 Mich App 1, 10-11; 761 NW2d 253 (2008), and as a satisfactory, sound or valid reason. *People v Buie*, 491 Mich 294, 319; 817

NW2d 33 (2012). In this case, defendant gave no reason for wanting to withdraw his waiver apart from having changed his mind. In addition, the timing of the request, coupled with defendant's refusal to enter the courtroom, suggested that it was simply a delay tactic. The trial court did not abuse its discretion in denying defendant's motion.

## III. RIGHT TO BE PRESENT

Defendant refused to enter the courtroom on the day of trial and the trial court elected to proceed without him. The court denied defense counsel's request to have the judge, court reporter, and counsel go back to defendant's jail cell to obtain a verbal waiver from him. Defendant now argues that the trial court violated his right to be present during trial by proceeding with the trial in his absence, without obtaining a valid waiver of his right to be present.

The issue whether the trial court violated defendant's right to be present during trial has not been preserved for appeal because defendant did not object to his absence from the courtroom. *People v Buie (On Remand)*, 298 Mich App 50, 56; 825 NW2d 361 (2012). We review this unpreserved constitutional issue for plain error affecting defendant's substantial rights. *People v Bosca*, 310 Mich App 1, 47; 871 NW2d 307 (2015). Conversely, the issue whether the trial court should have obtained a personal waiver from defendant before proceeding with trial in defendant's absence is preserved, because defendant objected to the trial proceeding without the court obtaining a personal waiver. A preserved constitutional issue is reviewed de novo on appeal. *People v Temelkoski*, 307 Mich App 241, 246; 859 NW2d 743 (2014).

A criminal defendant has a due process and statutorily-guaranteed right to be present during his trial. *United States v Gagnon*, 470 US 522, 526; 105 S Ct 1482; 84 L Ed 2d 486 (1985); *People v Mallory*, 421 Mich 229, 246-247; 365 NW2d 673 (1984); MCL 768.3. "[A] defendant may waive his right to be present … by affirmative consent or by failing to appear . . . when he is at liberty to do so." *Mallory*, 421 Mich at 248. Only the defendant can waive his right to be present at his trial; defense counsel cannot waive the right on the defendant's behalf. *People v Montgomery*, 64 Mich App 101, 103; 235 NW2d 75 (1975). A waiver consists of the intentional relinquishment of a known right. *Buie (On Remand)*, 298 Mich App at 57. A waiver by conduct can be found where the defendant voluntarily and deliberately absents himself from the trial without good cause, either before or during trial. See *People v Swan*, 394 Mich 451, 452; 231 NW2d 651 (1975); See also *People v Gross*, 118 Mich App 161, 165-166; 324 NW2d 557 (1982). If the record is silent regarding the reason for the defendant's absence or whether he knew of his right to attend, there is no waiver because a waiver will not be presumed from a silent record. *People v Armstrong*, 212 Mich App 121, 129; 536 NW2d 789 (1995); See also *People v Woods*, 172 Mich App 476, 479; 432 NW2d 736 (1988). The record in this case is not silent.

Because a defendant may waive his right to be present by his conduct, the court need not obtain a waiver from the defendant personally. Defense counsel did not waive defendant's right to be present. She simply informed the court that defendant had refused to leave his cell and enter the courtroom for trial, a fact that was confirmed by the deputy. Defendant did not have a valid reason for not appearing in trial, such as illness or lack of suitable clothing, but simply wanted to avoid media attention. The audio portion of the proceeding was simultaneously

broadcast in defendant's cell, and during discussion of the matter, the trial court observed, "He has a right to be present. He has a right to consult with his counsel, and to see the witnesses that testify against him and to be present for . . . all aspects of his trial," and then directed counsel to specifically inform defendant "that he had a constitutional right to be in the courtroom at all times during the course of his trial." Those statements sufficiently apprised defendant of the fact that he had a constitutional right to attend his trial. Because the record shows that defendant was aware of his right to be present and refused to come out of his cell, he waived his right to be present by his conduct.

## IV. SCORING THE GUIDELINES

Carjacking is a Class A offense under the legislative guidelines. MCL 777.16y. Defendant was assessed 70 points for the offense variables (OVs), which included 10 points for OV 9, MCL 777.39, and five points for OV 10, MCL 777.40. The guidelines as scored placed defendant in the F-IV cell of the applicable sentencing grid, for which the minimum sentence range is 171 to 285 months, MCL 777.62, or 171 to 570 months for a fourth-offense habitual offender, MCL 777.21(3)(c).[1] Defendant contends that OV 9 and OV 10 both should have been scored at zero points.

Because defendant failed to challenge the scoring of OV 9 at sentencing or in an appropriate post-sentencing motion, this scoring challenge is unpreserved. MCR 6.429(C). "An unpreserved objection to the scoring of offense variables is reviewed for plain error." *People v Odom,* 276 Mich App 407, 411; 740 NW2d 557 (2007). OV 9 considers the "number of victims." MCL 777.39(1). The court is required to assess 10 points when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death[.]" MCL 777.39(1)(c). There is no merit to defendant's argument that Knox's two grandsons cannot qualify as victims of the carjacking offense because they did not own or possess the vehicle that was taken. The instructions for OV 9 state that the court is to "[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim." MCL 777.39(2)(a). Despite the fact that the boys did not suffer a loss of property because the car was not theirs, they were placed in danger of physical injury or death because they were in the car when defendant demanded the keys from Knox and defendant pointed a gun at the boys to induce them to leave the car. Thus, they were both victims for purposes of scoring OV 9. See, e.g., *People v Morson*, 471 Mich 248, 253, 262; 685 NW2d 203 (2004); *People v Day*, 169 Mich App 516, 517; 426 NW2d 415 (1988). There was no plain error.

Defendant waived any claim of error regarding the scoring of OV 10 (exploitation of vulnerable victim), MCL 777.40, because his attorney agreed to the five-point score. *People v LaFountain*, 495 Mich 968, 970; 844 NW2d 5 (2014). Thus, "there is no 'error' to review." See *People v Carter*, 462 Mich 206, 219; 612 NW2d 144 (2000). Although defendant alternatively argues that defense counsel was ineffective for agreeing to the five-point score for OV 10, defendant cannot establish the requisite prejudice necessary to prevail on a claim of ineffective

---

[1] We note that defendant was subject to a mandatory minimum sentence of 300 months under MCL 769.12(1)(a).

-4-

assistance of counsel. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007) (to establish ineffective assistance of counsel, a defendant must show both that counsel's performance was objectively unreasonable, and that "it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error"). Because defendant received a total offense variable score of 70 points, the five points assessed for OV 10 had no effect on defendant's placement in OV Level IV (60 - 79 points). MCL 777.62. Thus, any error in the scoring of OV 10 would not affect the appropriate guidelines range, and therefore, would not entitle defendant to resentencing. *People v Biddles*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 326140); slip op at 8. Accordingly, defendant was not prejudiced by defense counsel's failure to object to the scoring of OV 10.

Next, defendant makes an argument that his sentence was not reasonable under *People v. Lockridge*, 498 Mich 358; 870 NW2d 502 (2015) because it does not satisfy the proportionality standard set forth in *People v Mibourn*, 435 Mich 630; 461 NW2d 1 (1990). However, defendant's sentence did not depart from the applicable guideline range. In *Milbourn*, the Court held that a sentence imposed by the trial court must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 636. The trial judge specifically found that he could impose an indeterminate sentence within the guidelines and still account the "the horrible record that Mr. Jackson has racked up over the years and the horror of this crime." Because defendant's sentence does not depart from the applicable guidelines, and because the trial judge made a finding regarding the proportionality of defendant's sentence, defendant's sentence was reasonable. See *People v Steanhouse*, 313 Mich App 1, 47; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016).

Regardless, we remand this case to the circuit court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*. On remand, if the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. However, if the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant.

Affirm in part and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Amy Ronayne Krause

-5-