PEOPLE *v.* EARL.

1. INDICTMENT AND INFORMATION—BILL OF PARTICULARS—BRIBERY.
   In prosecution of public officer for accepting a bribe denial of bill of particulars was not error where defendant was present with his counsel at the preliminary examination and the testimony fully informed him of the nature and elements of the charge, justified holding him for trial in the circuit court and there was no departure from the charge at the trial (Act No. 328, § 118, Pub. Acts 1931).

2. SAME—FORM—LANGUAGE OF STATUTE—BRIBERY.
   In prosecution of a public officer for accepting a bribe, information, not in short form, but laid in the language of the statute, stated an offense thereunder, hence motions to quash the information were without merit (Act No. 328, § 118, Pub. Acts 1931).

3. BRIBERY—EVIDENCE—INTERMEDIARIES.
   In prosecution of county road commissioner for accepting a bribe for voting for the purchase of a particular motor grader, testimony of party who is claimed to have paid the money to defendant while in the presence of a third party, that about a year later when witness met defendant and informed him an investigation of the matter was being made, defendant then said he wondered what the third person was going to say, was properly admitted over defendant's objection (Act No. 328, § 118, Pub. Acts 1931).

4. SAME—EVIDENCE—QUESTION FOR JURY.
   In prosecution of a public officer for accepting a bribe, proofs *held*, to present issues for the jury and fully to support its verdict of guilty (Act No. 328, § 118, Pub. Acts 1931).

5. CRIMINAL LAW—RESTING ON PEOPLE'S CASE—ARGUMENT TO JURY.
   In a criminal case defendant's resting upon testimony introduced by the prosecution does not curtail argument on the proofs before the jury.

6. SAME—RESTING ON PEOPLE'S CASE—ARGUMENT TO JURY—WEIGHT OF EVIDENCE—COMMENT ON FAILURE TO TESTIFY.
   In criminal case wherein defendant rested at close of proofs by prosecution, prosecutor's argument to jury ''What has

been testified to has not been disputed. It has not been denied,'' was not prejudicial comment on failure of defendant to testify as the prosecutor has a right to urge that weight be given to uncontradicted, undisputed testimony, especially where court properly instructed jury upon defendant's request relative to defendant's failure to take the stand (3 Comp. Laws 1929, § 14218).

7. BRIBERY—ARGUMENT TO JURY.

In prosecution of public officer for accepting a bribe, argument of prosecutor relative to defendant's alleged embarrassment in being the one on whom money was ''planted'' in the presence of another, invited by argument previously made by defendant's counsel, *held*, not reversible error (Act No. 328, § 118, Pub. Acts 1931).

8. CRIMINAL LAW—RESTING ON PEOPLE'S CASE—COURT'S STATEMENT OF THEORY OF CASE.

In prosecution of public officer for accepting a bribe wherein defendant rested at close of people's case, court's statement of theory of people's case at length and omission of a like statement of defendant's case was fair in view of the nature of the prosecution (Act No. 328, § 118, Pub. Acts 1931).

9. BRIBERY—WEIGHT OF EVIDENCE.

Verdict of guilty in prosecution of public officer for accepting a bribe *held*, not against the proper weight of the evidence where the only evidence presented was that tending to establish defendant's guilt (Act No. 328, § 118, Pub. Acts 1931).

10. CRIMINAL LAW—DIRECTED VERDICT—NEW TRIAL—BRIBERY.

Refusal to direct a verdict or grant motion for new trial in prosecution of public officer for accepting a bribe *held*, not error (Act No. 328, § 118, Pub. Acts 1931).

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 16, 1941. (Docket No. 83, Calendar No. 41,379.) Decided December 2, 1941. Rehearing denied February 11, 1942.

Archie J. Earl was convicted of accepting a bribe as a public officer. Affirmed.

*John Wendell Bird,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Richard B. Foster,* Prosecuting Attorney, for the people.

WIEST, J. Upon trial by jury defendant, a public executive officer, was convicted of accepting a bribe. The information was not in short form and laid the charge under Act No. 328, § 118, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-118, Stat. Ann. § 28.313), known as the Michigan criminal code. Defendant in 1938 was one of the three road commissioners for Ingham county. The commission contemplated the purchase of a motor grader, and it was claimed that defendant was promised 10 per cent. of the price of such grader by a sales agent if it was purchased from the company he represented. The full commission voted to purchase that particular grader at the price of $5,229.40, less two per cent. discount, if paid within 60 days. The purchase was made, the money paid and defendant was convicted of receiving from such agent, in pursuance of the mentioned promise and his official action thereunder, the sum of $417.50. Defendant reviews by appeal and assigns many errors.

At the preliminary examination defendant was present with his counsel and the testimony fully informed him of the nature and elements of the charge, justified holding him for trial in the circuit court, obviated need of a bill of particulars, and there was no departure therefrom at the trial. *People* v. *McKinney,* 10 Mich. 54.

The information followed the wording of the statute, stated an offense thereunder, and defendant's several motions to quash were without merit.

The testimony at the trial was to the effect that James D. Gladden, sales agent for the J. O. Adams Company, dealers in motor graders, visited the county garage at Mason, and there requested Don Miller, an employee of the road commission, to inform defendant "there would be 10 per cent. on that grader and he would see Mr. Earl Thursday

night;" that Mr. Miller so informed Mr. Earl and
Mr. Earl said, "All right, I will be home." There-
after defendant voted for the grader, as did the
other commissioners. Mr. Gladden later received,
by mail, a check for $517.50, payable to Earl Bough-
ton, Mr. Boughton indorsed and cashed it at a Jack-
son bank, placed it in an envelope, sealed and handed
it to Gladden, who placed it in his pocket and the two
then drove to Mason to see defendant, not finding
him there, drove to his home in Lansing, finding him
absent, drove to the Lansing airport where Gladden,
not in the presence of Boughton, removed $100 from
the envelope and later, at defendant's home, handed
the envelope with $417.50 in it to defendant, with
the remark, "This is some literature," and defend-
ant placed it in his pocket.

Gladden testified that about a year later he had
a conversation with defendant in which he informed
him that an investigation of the matter of the check
was being made, and defendant said, "I wonder
what Mr. Boughton is going to say." This testi-
mony was admitted over defendant's objection and
was proper, along with the other testimony, for con-
sideration by the jury.

Defendant did not offer any evidence, but moved
for a directed verdict in his favor at the close of the
proofs introduced by the prosecution and, upon de-
nial of his motion, rested his case on the people's
proof.

The proofs presented issues for the jury and fully
supported the verdict of guilty.

In his argument to the jury the prosecutor stated:

"What has been testified to has not been disputed.
It has not been denied."

It is claimed this was comment upon the failure
of defendant to testify and was serious error.

It was the right of defendant to let his case rest upon the testimony introduced by the prosecution, but this did not curtail argument on the proofs before the jury, and it is too farfetched for him to characterize what was said as prejudicial comment on the failure of defendant to testify.

Counsel for defendant contends that inasmuch as defendant was the only person who could dispute or deny the testimony against him the statement was a comment on his failure to testify and in violation of 3 Comp. Laws 1929, § 14218 (Stat. Ann. § 27.913), which provides:

"That a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

The prosecutor had a right in urging weight to be given the testimony to argue that the testimony was uncontradicted and undisputed. *People* v. *Lowrey,* 217 Mich. 431.

At the request of counsel for defendant the court instructed the jury:

"I charge you, that no inference can be drawn by you, which will militate against the respondent by reason of the fact that he did not take the stand, for that is his right if he did not care to do so. He has a right to testify if he so desires, but the law provides that his failure to do so, shall not prejudice him in your consideration and no presumption of guilt can be indulged in by you on account of his failure to testify."

Complaint is also made of the following comment to the jury by the prosecuting attorney:

"Now, as I understood him to say to you, that this case involved a piece of change that was 'planted' upon a person and that this person found himself involved in a series of events that was embarrassing. The only inference of that is, of course, that this envelope did have the $417.50 in it. But how long since, ladies and gentlemen, has embarrassment shut out the truth, how long since has it been that a man may be put in an embarrassing situation, but because of the embarrassment he does not proclaim the truth? *  *  *

"There can be circumstances that look involved. There can be circumstances that are embarrassing, but does that shut out the truth? What distrust is there in this case of you, if the truth is withheld because it is embarrassing?"

This argument was in reply to argument in behalf of defendant along the following lines:

"In the jury room when I am not around, maybe there will be some question of why certain witnesses haven't testified. If those questions come up, my friends, I wonder if you won't do me a favor. I wonder if you will do the cause of justice a favor. I wonder if you will do that little family of Mr. Earl, the respondent in this case, facing the charge he is facing, with the favor of remembering that if at any time you are a public official, in measuring the chain of circumstances and the chain of events, and you have been accused of certain things and which you found, if that should be the case, that something had been handed you you didn't want or didn't know anything about, I wonder if it would appear strange that there hasn't been much testimony on that particular point. There isn't much to say here. If I am a public official and accept something which I am told are specifications, doing it openly, right out in front of somebody else, where the witness is already shaped to testify against me, if my case ever comes

to court, and later on I open that envelope and find out I have been handed something. If that is the case, it isn't strange I am bowed down by the circumstances, it isn't strange that I don't know what to do, it isn't strange that I may not know how to conduct my defense, or what to say if I am asked certain questions."

Under the mentioned circumstances the remarks of the prosecutor were invited and did not constitute reversible error.

Complaint is also made that the court stated the theory of the people's case at length and omitted like statement of defendant's case. The testimony related wholly to the case of the prosecution and the statement was but a fair one of the nature of the prosecution. Without any testimony in behalf of defendant it would appear somewhat difficult to state the claim of the defense beyond that of not guilty.

It is also claimed the verdict of the jury was contrary to the proper weight of evidence. The only evidence in the case was that tending to establish the guilt of defendant and, therefore, we have nothing to weigh it against.

The court was not in error in refusing to direct a verdict and in denying the motion for new trial.

The other claimed errors have been considered and none call for reversal.

The conviction is affirmed.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and BUTZEL, JJ., concurred.