PEOPLE v EWING

1. CRIMINAL LAW—TRIAL—FELONY—PRESENCE OF ACCUSED.

No person indicted for a felony shall be tried unless personally present during the trial (US Const, Ams V, XIV; MCLA 768.3).

2. CRIMINAL LAW—TRIAL—FELONY—PRESENCE OF ACCUSED.

The right of a defendant charged with a felony to be present extends to every stage of a trial where an accused's substantial rights may be affected and where his presence relates to the fullness of his opportunity to defend the charge.

3. CRIMINAL LAW—TRIAL—FELONY—PRESENCE OF ACCUSED—WAIVER.

A defendant charged with a felony may waive his right to be present at his trial, but such waiver cannot be presumed from a silent record.

4. CRIMINAL LAW—TRIAL—FELONY—PRESENCE OF ACCUSED—WAIVER —CONSTITUTIONAL LAW.

A defendant's waiver of his right to be present at his trial for a felony consists of a specific knowledge of the constitutional right and an intentional decision to abandon the protection of the constitutional right; both of these elements must be present and if either is missing, there can be no waiver and no finding of consent.

5. CRIMINAL LAW—TRIAL—FELONY—PRESENCE OF ACCUSED—WAIVER.

A defendant did not voluntarily waive his right to be present at his trial for a felony where after failing to appear for the second day of trial his defense counsel acquiesced in the judge's decision to proceed with the trial, a principal prosecution witness had testified for about 15 minutes before the defendant appeared and told the judge he had been detained by police officers for interrogation, and the judge denied defense counsel's mistrial motion and allowed the trial to proceed but ordered the court reporter to read to defendant the direct examination testimony taken in his absence, because counsel's acquiescence cannot be construed as an effective waiver of

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 21 Am Jur 2d, Criminal Law § 279 et seq.

defendant's rights; the waiver must be a deliberate choice by
the accused himself.

6. Criminal Law—Trial—Felony—Presence of Accused—Failure
   to Appear—Capias—Forfeiture of Bond—Prejudice.
   The proper procedure for a trial court to follow when a defendant
   charged with a felony who is free on bond does not appear at
   any stage of his trial is to enter a *capias* and order forfeiture of
   the bond; no proceedings in the nature of a trial should be
   conducted in the defendant's absence and the defendant need
   show no prejudice and is entitled to a new trial if tried in his
   absence because injury is conclusively presumed.

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1 June 18,
1973, at Detroit. (Docket No. 15583.) Decided August 24, 1973.

Blaine Ewing was convicted of armed robbery.
Defendant appeals. Reversed and remanded for a
new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Gerard A.
Poehlman,* Assistant Prosecuting Attorney, for the
people.

*George C. Dovas,* for defendant on appeal.

Before: Quinn, P. J., and J. H. Gillis and Bash-
ara, JJ.

Per Curiam. A jury convicted defendant of
armed robbery. MCLA 750.529; MSA 28.797. He
appeals of right.

The trial court issued a *capias* and forfeited
defendant's bond when he failed to appear for the
second day of trial. Defense counsel acquiesced in
the judge's decision to proceed with the trial after

a jury recess. However, when the jury returned, defense counsel objected to proceeding. The trial court then found defendant had voluntarily waived his right to be present. After a principal prosecution witness had testified for about 15 minutes, defendant appeared. When the judge questioned him about his whereabouts, defendant replied that he had been detained by two police officers for interrogation about the instant case. The judge, giving defendant "the benefit of the doubt", reinstated his bond. He then denied defense counsel's mistrial motion but ordered the court reporter to read defendant the direct examination testimony taken in his absence.

Appellant asserts that denial of the mistrial motion constituted an abuse of discretion. We agree. MCLA 768.3; MSA 28.1026, provides:

"No person indicted for a felony shall be tried unless personally present during the trial * * * ."

US Const, Am VI, applicable to the states through the Fourteenth Amendment (Pointer v Texas, 380 US 400; 85 S Ct 1065; 13 L Ed 2d 923 [1965]), affords a similar guarantee. As stated in Illinois v Allen, 397 US 337, 338; 90 S Ct 1057, 1058; 25 L Ed 2d 353, 356 (1970):

"One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial."

The right to be present extends to every stage of the trial where an accused's substantial rights may be affected and where his presence relates to the fullness of his opportunity to defend the charge. Snyder v Massachusetts, 291 US 97; 54 S Ct 330; 78 L Ed 674 (1934).

While a defendant may waive his right to be

present *(People v Medcoff,* 344 Mich 108; 73 NW2d 537 [1955]), we cannot presume waiver from a silent record. The instant record shows no attempt to determine the truth or falsity of defendant's claim of police detention; nor does it reveal defendant intentionally absented himself.

In *People v Grimmett,* 388 Mich 590, 598; 202 NW2d 278, 282 (1972), the Court defined waiver requirements:

"Waiver is defined in *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461, 1466 (1938), as 'an intentional relinquishment or abandonment of a known right or privilege.' The Court added, ' "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights and * * * we "do not presume acquiescence in the loss of fundamental rights." ' Thus, waiver consists of two separate parts: 1) a specific knowledge of the constitutional right; and 2) an intentional decision to abandon the protection of the constitutional right. Both of these elements must be present and if either is missing there can be no waiver and no finding of consent."

In the instant case, neither element was present.

Counsel's initial acquiescence and later objection cannot be construed as an effective waiver of defendant's rights.

"There are certain rights which are so essential to the concept of due process that no lawyer can waive them for a defendant. * * * The defendant's waiver of a right so fully protected will not be presumed from a silent record; it must affirmatively appear that the waiver was a deliberate choice by the accused person himself." *People v Degraffenreid,* 19 Mich App 702, 713; 173 NW2d 317, 322–323 (1969).

In *Medcoff, supra,* while acknowledging a defendant's right to waive his presence at trial, the Court stated:

"However, nothing in the nature of evidence should be taken in the absence of the accused." *People v Medcoff, supra,* 116.

If a defendant who is free on bond does not appear, the proper procedure is to enter a *capias* and order forfeiture of the bond. No proceedings in the nature of a trial should be conducted in defendant's absence. Defendant need show no prejudice.

"[T]he abrogation of defendants' right to be present is not determined from the result and review thereof of the court's inquiry but rather from the mere fact that during the inquiry defendants were not given an opportunity to exercise those privileges which their right to be present affords them. *Where such fundamental rights are denied, the guilt or innocence of the accused is not concerned and neither party is put to the burden of showing actual injury or prejudice or lack of it. Injury is conclusively presumed." People v Medcoff, supra,* 117–118. (Emphasis supplied.)

In light of our decision, defendant's other allegations of error are rendered moot.

Reversed and remanded for a new trial.