PEOPLE v MANCILL

*ORDER*

Entered November 21, 1974.—Reporter.

On order of the Court, the application by defendant and appellant for leave to appeal is considered and the same is hereby granted.

The Court *sua sponte,* pursuant to GCR 1963, 865.1(7), reverses the Court of Appeals' decision insofar as the Court of Appeals found no reversible error resulting from the prosecutor's statements concerning defendant's failure to testify. It is further ordered that the case be remanded to Recorder's Court for the City of Detroit for a new trial. The privilege against self-incrimination is a fundamental constitutional right. United States Const, Am V; Const 1963, art 1, § 17. To protect the viability of this right prosecutors are prohibited from commenting on the defendant's failure to take the stand. *People v Cahill,* 147 Mich 201; 110 NW 520 (1907). Despite admonition by the trial judge, the prosecutor, during summation, made improper reference to the defendant's failure to testify as follows: "one does not have to take the stand at all and there are times in fact, when it would be better if one did not take the stand." These remarks were not merely comments on uncontradicted evidence which under some circumstances are permissible, *People v Earl,* 299 Mich 579; 300 NW 890 (1941) but were statements designed to suggest that the defendant, in refusing to take the stand, had something to hide. The prose-

cutor's conduct constituted a serious infringement upon the defendant's constitutional rights and necessitates granting the defendant a new trial.

M. S. COLEMAN and J. W. FITZGERALD, JJ., dissenting.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Thomas A. Ziolkowski,* Assistant Prosecuting Attorney, for the people. *Thomas A. Maher,* for defendant. (Docket No. 55,877.) Case below, Court of Appeals No. 16,409, per curiam opinion of March 22, 1974.