## PEOPLE v MONTGOMERY

1. CRIMINAL LAW—TRIAL—DEFENDANT'S PRESENCE—EVIDENCE—CONSTITUTIONAL LAW—STATUTES.

   The right to be present at one's trial is a fundamental right guaranteed both by statute and as a part of Fourteenth Amendment due process; nothing in the nature of evidence should be taken when the defendant is not present (US Const, Am' XIV, MCLA 768.3).

2. CRIMINAL LAW—TRIAL—DEFENDANT'S PRESENCE—WAIVER OF RIGHT.

   A defendant may waive both his statutory and constitutional right to be present during his trial; the right may be waived through the defendant's conduct in the courtroom or through failure to appear at trial.

3. CRIMINAL LAW—TRIAL—DEFENDANT'S PRESENCE—WAIVER OF RIGHT —WAIVER BY COUNSEL.

   The right to be present at one's felony trial can be waived only by the defendant himself, and the actions of his trial counsel do not operate as a valid waiver; the Court of Appeals cannot presume that the defendant waived this constitutional right on the basis of a silent or sketchy record.

4. CRIMINAL LAW—TRIAL—DEFENDANT'S PRESENCE—WAIVER OF RIGHT.

   A defendant waived his right to be present on the third day of his felony trial where he intentionally absented himself on that day by voluntarily leaving town because of what he viewed as an impending guilty verdict.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR.

   Jury instructions must be taken as a' whole for consideration on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 271, 277, 287.

[2–4] 21 Am Jur 2d, Criminal Law §§ 273, 279, 281 *et seq.*

    Absence of accused at return of verdict in felony case. 23 ALR2d 456.

[5] 5 Am Jur 2d, Appeal and Error §§ 893, 894.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted June 9, 1975, at Detroit. (Docket No. 20463.) Decided August 28, 1975.

Thomas J. Montgomery was convicted of larceny from a person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*McCallum & Ziolkowski,* for defendant.

Before: Bronson, P. J., and V. J. Brennan and D. E. Holbrook, Jr., JJ.

Per Curiam. The defendant was originally charged and tried for robbery unarmed, MCLA 750.530; MSA 28.798. A jury convicted him of the lesser included offense of larceny from a person, MCLA 750.357; MSA 28.589. Defendant appeals as of right.

Defendant, who was free on bond, failed to appear for the third day of a three day trial. After a two hour delay and an inquiry as to the defendant's whereabouts, which did not resolve the mystery of the defendant's absence, the trial court issued a *capias,* forfeited defendant's bond, and ordered the trial to continue. Defendant's counsel stated he had no objection to continuing. The trial court also gave a limiting instruction to the jury that they were to draw no adverse inferences from the defendant's absence. The prosecution then presented its two remaining witnesses. Both sides rested and argued to the jury. Sixteen months

later, at sentencing, the defendant admitted that he had deliberately absented himself from the third day of trial and left town because he knew he was going to be convicted.

On appeal, defendant contends that the trial court erred in permitting the trial to continue in his absence. The right to be present at one's trial is a fundamental right guaranteed the defendant both by statute, MCLA 768.3; MSA 28.1026, and as part of Fourteenth Amendment due process, *Illinois v Allen*, 397 US 337; 90 S Ct 1057; 25 L Ed 2d 353 (1970). Nothing in the nature of evidence should be taken when the defendant is not present, *People v Medcoff*, 344 Mich 108; 73 NW2d 537 (1955), *People v Swan*, 59 Mich App 409; 229 NW2d 476 (1975).

However, a defendant may waive both his statutory and constitutional right to be present during his trial, *People v Medcoff*, *supra.* The defendant may waive his right to be present through conduct in the courtroom, *Illinois v Allen*, *supra.* The right may also be waived through failure to appear, *Diaz v United States*, 223 US 442; 32 S Ct 250; 56 L Ed 500 (1912).

The right to be present at one's felony trial is one of those rights that only the defendant himself can waive. Thus the actions of his trial counsel do not operate as a valid waiver, *People v Degraffenreid*, 19 Mich App 702; 173 NW2d 317 (1969). Similarly, we cannot presume that the defendant waived his constitutional right on the basis of a silent or sketchy record. *People v Ewing*, 48 Mich App 657; 211 NW2d 56 (1973). However, since the defendant admitted that he intentionally absented himself from the third day of trial by voluntarily leaving town because of what he viewed as an impending guilty verdict, we hold defendant to

have effectively waived his right to be present on the third day of trial and any previous error by the trial court is harmless beyond a reasonable doubt.

Since jury instructions must be taken as a whole, defendant's second point of error is without merit, *People v Robert Hall,* 56 Mich App 10; 223 NW2d 340 (1974).

Affirmed.