PEOPLE v GORDON HALL

CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—CAU-
TIONARY INSTRUCTIONS—ACCOMPLICE'S TESTIMONY—REQUEST TO
CHARGE—CLOSELY DRAWN ISSUE.

It is reversible error, in cases tried after the publication date of a
precedent case, to fail, upon a defendant's request, to give a
cautionary instruction concerning accomplice testimony, and, if
the issue is closely drawn, it may be reversible error to fail to
give such a cautionary instruction in the absence of a request
to charge; an issue is closely drawn where the defendant makes
a total denial of participation in the crime charged and denies
knowing the accomplice and the only evidence linking the
defendant to the crime is the testimony of the accomplice.

Appeal from Eaton, Willard L. Mikesell, J. Sub-
mitted June 22, 1977, at Lansing. (Docket No.
28809.) Decided August 22, 1977.

Gordon Hall was convicted of breaking and en-
tering an occupied dwelling. Defendant appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Paul F. Berger,*
Prosecuting Attorney, and *Chester S. Sugierski,
Jr.,* Chief Assistant Prosecutor, for the people.

*Reid & Reid, P. C.* (by *Joseph D. Reid* and *Law-
rence J. Emery),* for defendant on appeal.

Before: D. F. WALSH, P. J., and QUINN and H. D.
STAIR,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 575, 578, 690.

* Circuit judge, sitting on the Court of Appeals by assignment.

H. D. STAIR, J. Defendant Gordon Hall was convicted of breaking and entering of an occupied dwelling. MCLA 750.110; MSA 28.305. The sole testimony tying defendant to the offense was that of Louis Morgan. Morgan testified that on the night of the offense he, the defendant, and a third person drove to a house matching the description and location of the complainant's home. While Morgan waited in the car defendant and the other man allegedly broke into the house. The two reappeared with a rifle, which was subsequently sold with the proceeds being split between the three men. This testimony corroborated complainant's version of the break-in, however complainant was unable to identify the man she saw running from her house.

Morgan was not charged for his admitted assistance in the offense. On cross-examination he revealed that at the time of the trial he was serving time in prison on an unrelated conviction.

Defendant testified on his own behalf. He denied participation in the charged break-in and denied even knowing witness Morgan.

Defendant's trial counsel requested that the court give the following instruction concerning Morgan's testimony:

"I charge you that since the witness Louis James Morgan has not been charged with this offense, which he has admitted taking part in, that you may consider any interest that Louis James Morgan might have in the result of this trial."

The court refused to give the instruction as requested but did instruct the jury generally as to the weight and credibility to be afforded to testimony. As part of that general instruction the court stated:

"In determining what weight and credit you will give to the testimony of the witnesses in this case, you should take into consideration their interest or lack of interest in the results of the case, if any such is proved;"

Defendant now claims that the trial court committed reversible error by failing to give his requested instruction on accomplice testimony. He cites as authority for his assertion of error the decision of the Michigan Supreme Court in *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974).

In *McCoy, supra,* the Supreme Court held that a defendant has a right to have a cautionary instruction on accomplice testimony given to the jury on his request. The court stated its holding as follows:

"For cases tried after the publication of this opinion, it will be deemed reversible error * * * (2) to fail upon request to give a cautionary instruction concerning accomplice testimony and, if the issue is closely drawn, it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge." 392 Mich at 240.

While the *McCoy* rule is stated in absolute terms, we do not find that the denial of defendant's requested instruction was reversible error in the case at bar. The language of the requested instruction was not the form of cautionary instruction anticipated by the *McCoy* court. See 392 Mich at 237, fn 2. More importantly, the actual instruction given incorporated the substance, if not the actual words, of defendant's request. The denial of the requested instruction thus was no prejudicial error.

Having found no error in the denial of the request does not, however, conclude our disposition

of the present case. The *McCoy* court also held that, where the issue is "closely drawn", it could be error for a trial court to fail to give a cautionary instruction *sua sponte.* Our review of the evidence presented at defendant's trial leads us to hold that the issue of defendant's guilt was "closely drawn", as we interpret the meaning of that phrase.

This court has been unable to discover any Michigan case expressly construing the phrase "closely drawn" as used in the context of the *McCoy* rule. We therefore must use our common sense to ascertain the meaning contemplated by the *McCoy* majority. In the present case the sole evidence linking defendant to the offense was the testimony of Morgan. Defendant made a total denial of participation both in the crime and with Morgan. The trial thus became a credibility battle between Morgan and defendant. We can conceive of no more closely drawn factual issue involving accomplice testimony.

This holding is buoyed by the factual context of the *McCoy* opinion itself. In *McCoy,* as in the case at bar, the sole evidence linking the defendant to the crime was the accomplice testimony.

"This was a case where the only evidence the prosecutor offered linking defendant with the crime was an eyewitness who could not make a positive identification of the defendant and testimony of an accomplice who was positively identified and who later pled guilty to the lesser charge of second-degree murder.

While defendant and his witness testified that they had been watching television at the witness's house all day, the prosecutor's witness, the accomplice, placed him at the crime. It is no exaggeration then to say that the prosecutor's case rested on the uncorroborated testimony of this accomplice and his credibility as a witness. The issue, therefore, came down to whom to believe, the

defendant and his witness or the accomplice." 392 Mich at 238–239.

In *McCoy* there was no request for a cautionary instruction. The court found reversible error in part because of the court's failure to give such an instruction *sua sponte.*

We hold that the court's failure to caution the jury as to the credibility of accomplice testimony[1] likewise was error in the case at bar. The conviction must be reversed and remanded for a new trial with appropriate instructions.

---

[1] For sample cautionary instructions *see* 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 906, p 1226; Proposed Michigan Criminal Jury Instructions, CJI 5:2:03.