PEOPLE v FREDERICKS

Docket No. 57118. Submitted November 5, 1982, at Grand Rapids.—
Decided April 20, 1983.

    Ray Charles Fredericks was convicted of conspiracy to commit
armed robbery, Calhoun Circuit Court, Stanley Everett, J. On
February 6, 1980, two persons, a man and woman, robbed a
credit union in Battle Creek. Four witnesses to the robbery,
three employees and one a customer of the credit union, stated
specifically that defendant was not among the robbers. The
prosecution, however, offered the testimony of Gary Tyler and
Christine Jones. These witnesses, both of whom had conspired
to commit the robbery, testified in exchange for lenient treat-
ment by the prosecutor. They stated that defendant conspired
with them, defendant's wife and another individual to hold up
the credit union. The defendant, testifying in his own defense,
denied that he agreed to participate in the robbery. Defendant
also offered the testimony of one other person. Defendant
appealed. *Held:*

    1. Defendant objected to comments by the prosecutor during
closing argument tending to place the prestige of his office
behind the two accomplices who testified. A prosecutor may not
place the prestige of his office behind his witnesses but may
make arguments and comments based on the evidence. The
comments were based on the evidence and were not improper.

    2. The prosecutor's gratuitous remark impugning defendant's

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 783, 896.

[2] 75 Am Jur 2d, Trial §§ 260-264.

[3] 5 Am Jur 2d, Appeal and Error § 776.

[4] 75 Am Jur 2d, Trial §§ 51, 261.
    Propriety and effect of prosecuting attorney's argument to jury
indicating his belief or knowledge as to guilt of accused. 50
ALR2d 766.

[5] 75 Am Jur 2d, Trial §§ 690, 866.
    Propriety of specific jury instructions as to credibility of accom-
plices. 4 ALR3d 351.

[6] 5 Am Jur 2d, Appeal and Error § 760.

credibility not based on any evidence was improper and not harmless.

3. The prosecutor's comment that defendant had sat through the trial, heard the witnesses and may have fashioned his testimony to fit the evidence was improper and not harmless.

4. It was error to fail to give a cautionary instruction regarding accomplice testimony even in the absence of a request for such an instruction because the issue was closely drawn.

Reversed and remanded.

MacKenzie, P.J., concurred in part. She agreed that two parts of the prosecutor's argument were improper and required reversal but expressed no opinion on the remaining issues because they weren't necessary to a decision of the case.

### Opinion of the Court

1. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEAL.

   A prosecutor's remarks are examined on appeal in the context in which they were made.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT.

   A prosecutor may not place the prestige of his office behind his witnesses but may make arguments and comments based on the evidence.

3. APPEAL — CRIMINAL LAW — HARMLESS ERROR.

   Error in a criminal case is not harmless if, in the absence of the error, it is reasonably possible that some juror would have voted to acquit.

4. CRIMINAL LAW — TRIAL — DEFENDANT'S PRESENCE — CONSTITUTIONAL LAW — PROSECUTORIAL COMMENT.

   The right to be present at one's trial is a fundamental right guaranteed both by statute and as a part of Fourteenth Amendment due process; a prosecutor may not argue that the defendant's testimony should not be believed because, being present throughout the trial, he may have conformed his testimony to that of the other witnesses (US Const, Am VI, XIV; MCL 768.3; MSA 28.1026).

5. CRIMINAL LAW — JURY INSTRUCTIONS — ACCOMPLICE TESTIMONY.

   It is error to fail to give a cautionary instruction regarding accomplice testimony even in the absence of a request for such an instruction where the issue is closely drawn, for example, where the issue of defendant's guilt comes down to whom to believe, the accomplice or the defendant.

6. APPEAL — ISSUES.

> The Court of Appeals should not express an opinion on issues which are not necessary to the resolution of the case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Richard A. Pattison,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender* (by *R. Steven Whalen),* for defendant.

Before: MacKENZIE, P.J., and R. M. MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant was convicted of conspiracy to commit armed robbery, MCL 750.157a; MSA 28.354(1), and MCL 750.529; MSA 28.797. Sentenced to from five to ten years imprisonment, he appeals by right.

On February 6, 1980, two persons, a man and woman, robbed a credit union in Battle Creek. Four witnesses to the robbery, three employees and one a customer of the credit union, stated specifically that defendant was not among the robbers. The prosecution, however, offered the testimony of Gary Tyler and Christine Jones. These witnesses, both of whom had conspired to commit the robbery, testified in exchange for lenient treatment by the prosecutor. They stated that defendant conspired with them, defendant's wife and another individual to hold up the credit union. The defendant, testifying in his own defense, denied that he agreed to participate in the robbery. Defendant also offered the testimony of one other person.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant argues four claims of error which we consider in the order presented to us.

The defendant claims that certain remarks made by the prosecutor during his closing argument require reversal. First, defendant argues that the prosecutor placed the prestige of his office behind the two accomplices who testified for the people. The prosecutor had admitted in his closing argument that the jury might doubt the testimony of these witnesses, in the belief that "they may be lying to save their own necks". But, the prosecutor continued,

"to believe that would * * * mean that you don't believe the independent testimony of the credit union people that were here. *To believe that means you have to believe the prosecutor's office is trumping up charges against these two people and fabricating evidence and I don't believe for a minute that you would take that position."* (Emphasis added.)

The defendant objected to this argument, allowing appellate review. See *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977). A prosecutor may not place the prestige of his office behind his witnesses. *People v Yearrell,* 101 Mich App 164; 300 NW2d 483 (1980); *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973). His argument, however, may be based upon the evidence. *People v Duncan, supra.* Moreover, we must view the prosecutor's argument in the context in which it was made. *People v Allen,* 351 Mich 535; 88 NW2d 433 (1958). Applying these principles we conclude that the prosecutor's argument was not improper. The context reveals that the prosecutor was rebutting the doubt he had posed to the jury by reference to evidence negating that doubt. Thus, the challenged remark is preceded by a reference to

the "independent testimony of the credit union people" which was not inconsistent with the testimony of the accomplices. This is a proper comment upon the evidence.

Second, defendant points to the prosecutor's attempt to impugn defendant's credibility. Defense counsel, the prosecutor had argued, would certainly try to discredit the testimony of the accomplices in his closing argument by suggesting that they were lying to get favorable prosecutorial treatment. Then the prosecutor added: "On the otherhand, Mr. Fredericks is no clean bit of living [sic, linen?] himself." The defendant objected to this remark. The prosecutor's statement was improper. It was not a comment upon the evidence; no evidence of defendant's previous misconduct was presented at trial. Moreover, this error is not harmless. Error is not harmless if, in the absence of the error, it is reasonably possible that some juror would have voted to acquit. *People v Oliver*, 111 Mich App 734, 757; 314 NW2d 740 (1981). The defendant's defense rested largely on his testimony that he never agreed to rob the credit union. A juror who believed defendant's version of the facts —who, therefore, would have voted to acquit—may very well have changed his mind after hearing the prosecutor's disparaging remarks. Because these remarks were not harmless beyond a reasonable doubt, we reverse the defendant's conviction.

The final challenged statement also requires reversal. In yet another effort to discredit the defendant's testimony the prosecutor argued:

"[The defendant] has had the added benefit of sitting here throughout the trial and hearing what it is that these witnesses have said against him and if he wanted[,] to fabricate his story to kind of coincide with

what they said as much as possible so as to seem believable to you * * *."

The defendant failed to object to this line of argument and thus appellate review is foreclosed unless our failure to consider the issue would result in a miscarriage of justice. *People v Duncan, supra*, pp 15-16.

The defendant argues that this comment infringed his right to be present at his trial. The right of an accused to be present at his trial is a fundamental right. *People v Montgomery*, 64 Mich App 101, 103; 235 NW2d 75 (1975). In Michigan, the right is guaranteed by statute, MCL 768.3; MSA 28.1026. The right is also grounded in the federal constitution:

> "US Const, Am VI, applicable to the states through the Fourteenth Amendment *(Pointer v Texas,* 380 US 400; 85 S Ct 1065; 13 L Ed 2d 923 [1965]), affords a similar guarantee. As stated in *Illinois v Allen,* 397 US 337, 338; 90 S Ct 1057, 1058; 25 L Ed 2d 353, 356 (1970):
> " 'One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial.' "
> *People v Ewing,* 48 Mich App 657, 659; 211 NW2d 56 (1973).

The appellate courts of this state have not yet decided whether a prosecutor may comment upon a defendant's right to be present at trial. We are guided, however, by the case law treating the propriety of prosecutorial references to the defendant's failure to take the stand. It is well-established that such conduct constitutes error. *People v Mancill,* 393 Mich 132; 223 NW2d 289 (1974). A prosecutor may not ask the jury to infer guilt from the defendant's failure to testify because this infringes on the defendant's right to remain silent.

*People v Mancill, supra.* Permitting such inferences would place an intolerable burden on the defendant's decision to exercise or forego his right to remain silent.

This reasoning convinces us that a prosecutor may not burden a defendant's right to be present at trial. This right is as fundamental as the right to remain silent. We do not hold, however, that every comment by the prosecutor burdens the defendant's right to be present at trial. Instead, we restrict our holding to the sort of argument made by the prosecutor in this case. The prosecutor argued, in effect, that the defendant's testimony was not to be believed because, being present at trial, he may have conformed his testimony to that of the witnesses he heard. This method of discrediting a testifying defendant's version of the facts places the defendant between the horns of an intolerable dilemma: the defendant must decide to either present himself at trial and risk being discredited by his presence or absent himself from trial and avoid the risk. A defendant in this position cannot freely exercise his right to be present at trial. Therefore, we hold that, in his argument to the jury, a prosecutor may not attempt to discredit a defendant's testimony by reference to the defendant's presence at the trial. Because the prosecutor in the instant case made such an argument, he committed error. This error seriously prejudiced the defendant's case, which, as noted above, depended largely on his own testimony. We conclude that the prosecutor's error resulted in a miscarriage of justice, entitling defendant to reversal.

We consider defendant's final issue because it may arise at the new trial. The defendant contends that the trial court erred in failing to give

*sua sponte* a cautionary instruction regarding accomplice testimony. Although the defendant did not request such an instruction, the Supreme Court has recognized that "if the issue is closely drawn, it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge". *People v McCoy,* 392 Mich 231, 240; 220 NW2d 456 (1974). We must determine, therefore, whether the issue of defendant's participation in the conspiracy was "closely drawn". This phrase was first construed in *People v Gordon Hall,* 77 Mich App 528; 258 NW2d 547 (1977). In that case, the only evidence linking the defendant to the crime was the accomplice's testimony. The defendant denied that he had participated in the crime. This Court concluded:

"The trial thus became a credibility battle between Morgan [the accomplice] and defendant. We can conceive of no more closely drawn factual issue involving accomplice testimony." *People v Gordon Hall, supra,* p 531.

In *People v Jackson,* 97 Mich App 660; 296 NW2d 135 (1980), the defendant's accomplices testified to the defendant's participation in a killing. This Court ruled that "the issue of guilt or innocence was closely drawn in the instant case. Since there were no eyewitnesses to the actual shooting, the question came down to whom to believe, the defendant or the accomplices." *People v Jackson, supra,* p 666.

The defendant was charged with conspiracy to commit armed robbery. Of the six witnesses offered by the people, four testified solely as to the robbery and stated that defendant was not among the robbers. The only witnesses who linked defendant to the conspiracy were the coconspirators.

Defendant denied that he entered into an agreement to rob the credit union. Thus, as in *Gordon Hall* and *Jackson,* the issue of defendant's guilt or innocence "came down to whom to believe, the accomplices or the defendant". We conclude that this issue is "closely drawn", that the trial court should have *sua sponte* given a cautionary instruction regarding accomplice testimony and that its failure to do so entitles the defendant to reversal.

Reversed and remanded for a new trial.

MacKenzie, P.J. *(concurring in part).* I agree that the first two portions of the prosecutor's argument discussed by the majority were so improper that reversal is required under the facts presented here. I express no opinion on the remaining issues because it is not necessary to decide them to resolve the case.