PEOPLE v BUCKEY

Docket No. 68728. Submitted December 8, 1983, at Lansing.—Decided
    March 21, 1984. Leave to appeal applied for.

Defendant, David G. Buckey, was convicted by a jury in the Bay
    Circuit Court of assault with intent to commit criminal sexual
    conduct in the second degree. The trial court, John X. Thieler,
    J., sentenced defendant to from three to five years imprison-
    ment. An earlier trial had resulted in a mistrial when the jury
    was unable to agree upon a verdict. Defendant was charged and
    tried in both proceedings on the completed offense of criminal
    sexual conduct in the second degree. Defendant appealed, alleg-
    ing several errors. *Held:*

    1. The prosecutor improperly asked the defendant on cross-
    examination to comment on the veracity of other witnesses.
    The rule of law providing that it is improper for a witness to
    comment or provide the jury an opinion on the credibility of
    another witness also applies where the defendant is a witness.

    2. Under the facts of the case, the Court of Appeals could not
    conclude that the improper cross-examination was harmless
    since the case involved a credibility contest between the com-
    plainant and the defendant and since the defendant was asked
    to comment on the veracity of all the material witnesses as a
    definite pattern of prosecutorial strategy.

    3. The Court of Appeals determined that manifest injustice
    could result from its failure to consider two of the alleged acts
    of prosecutorial misconduct, therefore, it considered those is-
    sues despite defense counsel's failure to raise at trial the
    specific objections relied upon by the defendant on appeal.

    4. The facts indicate that the prosecutor's clearly improper

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 541.
    58 Am Jur 2d, New Trial § 56.
    63 Am Jur 2d, Prosecuting Attorneys § 27.
[1, 5-7] 75 Am Jur 2d, Trial § 192 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 4.
    81 Am Jur 2d, Witnesses § 658.
[4] 5 Am Jur 2d, Appeal and Error § 776.

comments during the closing argument regarding the defendant's opportunity to fabricate testimony because of his presence in court and at prior proceedings was not harmless beyond a reasonable doubt, thus, reversal and remand is required.

5. The prosecutor's reference to a prior "hearing" did not violate the trial court's order which precluded references to the first trial except in other terms such as "a prior proceeding".

6. The evidence supported the prosecution's comments in opening argument that the defendant intended to have sexual intercourse with the complaining witness.

7. The prosecutor improperly asked the members of the jury to place themselves in the role of the complaining witness in arriving at the jury verdict, however, the trial court's curative instruction upon defense counsel's prompt objection rendered any error in the prosecutor's argument harmless beyond a reasonable doubt.

Reversed and remanded.

CYNAR, J., concurred in the result reached in regard to the prosecutor's closing argument but disagreed that the improper cross-examination by the prosecutor was not harmless beyond a reasonable doubt. He noted that a timely objection by defense counsel could have cured any prejudice, by precluding further questioning or by obtaining an appropriate cautionary instruction.

OPINION OF THE COURT

1. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT — APPEAL.

The test of whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial by that misconduct.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEAL.

Absent a showing of manifest injustice appellate review of issues concerning improper prosecutorial comments or the questioning of a witness is precluded where the defendant failed to object at trial to the comments or questions.

3. WITNESSES — CRIMINAL LAW — EVIDENCE — OPINION ON CREDIBILITY — OPINION ON GUILT.

It is generally improper for a witness to comment or provide the jury an opinion on the credibility of another witness or upon the guilt or innocence of the defendant since matters of credibility are to be determined by the trier of fact; such rule also applies where the defendant is a witness, thus precluding a

prosecutor from requesting the defendant to comment upon the credibility of the complainant and other witnesses.

4. CRIMINAL LAW — APPEAL — HARMLESS ERROR.

The determination of whether a particular error is harmless is made on a case-by-case basis; thus, an act of prosecutorial misconduct which is harmless in one case may constitute reversible error in another.

5. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT — APPEAL.

It is improper for a prosecutor to comment to the jury that a defendant's presence in court provided the defendant an opportunity to fabricate testimony to make it significantly consistent with testimony of prosecution witnesses; the determination of whether the allowance of such comments constitutes harmless or reversible error is to be made on a case-by-case basis.

6. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT — APPEAL.

A prosecutor may not ask the members of the jury to place themselves in the role of the complaining witness in arriving at the jury verdict; however, a curative instruction upon defense counsel's prompt objection may render such a request harmless beyond a reasonable doubt.

CONCURRENCE IN PART BY CYNAR, J.

7. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT — APPEAL — HARMLESS ERROR.

*Unobjected-to improper cross-examination by a prosecutor may be found to constitute harmless error beyond a reasonable doubt in an action where the facts indicate that a timely objection by defense counsel could have cured any prejudice, either by precluding such further questioning or by obtaining an appropriate cautionary instruction.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

.

Before: M. J. KELLY, P.J., and CYNAR and J. C. KINGSLEY,* JJ.

PER CURIAM. On July 2, 1982, defendant was convicted by a jury of assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2); MSA 28.788(7)(2). He was sentenced to a term of from three to five years in prison and appeals his conviction as of right. An earlier trial was conducted in February of 1982 and resulted in a mistrial when the jury was unable to agree upon a verdict. In both proceedings, the defendant was charged and tried on the completed offense of criminal sexual conduct in the second degree, MCL 750.520c(1)(f); MSA 28.788(3)(1)(f).

Defendant first argues that he was deprived of his right to a fair trial due to prosecutorial misconduct. While we do not agree with all of the defendant's arguments, we conclude that two of the complained-of acts constitute reversible error under the fair trial test. *People v Bairefoot,* 117 Mich App 225, 228; 323 NW2d 302 (1982).

In cross-examining the defendant, the prosecutor improperly asked the defendant to comment upon the veracity of other witnesses:

"*Q.* And, Detective Harkin testified that you said that you didn't want to have your statements taped. You're saying that didn't happen?

"*A.* That happened the second time he come over to the jailhouse, yes.

"*Q.* I'm not talking about that, I'm talking about the first time.

"*A.* That's correct, he never asked me.

"*Q.* Are you saying he's lying about that?

"*A.* That's correct.

---

* Circuit judge, sitting on the Court of Appeals by asssignment.

*"Q.* And are you saying that Debbie DeFord is lying?

*"A.* Why would I say Debbie DeFord is lying?

*"Q.* Are you saying that Debbie DeFord is lying about what—her testimony was about what took place out on Nine Mile Road?

*"A.* I don't think she really knows what took place.

*"Q.* I'm asking you what—I'm asking if you're saying she's lying.

*"A.* Yes.

*"Mr. Purcell [defense counsel]:* I think he answered the question.

*"The Court:* It was responsive.

By *Mr. Hammond [the prosecutor]:*

*"Q.* All right, is it your testimony you're saying she's lying?

*"A.* I don't think—like I said, I can't say she's lyin', all I'm sayin' is she don't really realize what happened out there.

*"Q.* How about—how about the boys who observed what they ob—, are you saying they're lying too?

*"A.* Uh-huh, about part of it.

*"Q.* All right. So, we've got at least Detective Harkin, that was one liar, and we've got four more, the four boys. You're saying that they're lying about certain things.

*"A.* I didn't say they were lying, all I'm saying is they didn't tell the—

*"Q.* You said (undistinguishable).

*"A.*—whole truth.

*"Q.* Well, I asked you, you indicated—are you saying that they were lying, Mr. Buckey?

*"A.* No, they weren't lyin', they're just not tellin' what they really saw.

*"Q.* All right, so we have one liar and four people not saying what they—they really saw, is that what you're saying?

*"A.* No, what I'm sayin' is I think they let Mr. Detective Harkin and the other cops—they programmed 'em.

*"Q.* You're the only one that hasn't been programmed in this case is that what you're saying?

While defense counsel objected to this line of questioning, he failed to raise the specific objection relied upon by the defendant on appeal. We will nevertheless consider the issue since we find that manifest injustice will otherwise result. *People v Williams,* 114 Mich App 186, 199; 318 NW2d 671 (1982).

This Court has generally held it improper for a witness to comment or provide the jury an opinion on the credibility of another witness since matters of credibility are to be determined by the trier of fact. *People v Adams,* 122 Mich App 759, 767; 333 NW2d 538 (1983), *remanded with jurisdiction retained* 417 Mich 1073; 336 NW2d 751 (1983). While the cases enunciating this rule of law have generally involved opinions given by nondefendant witnesses on the credibility of another witness or upon the guilt or innocence of the defendant, *People v Row,* 135 Mich 505, 507; 98 NW 13 (1904); *People v Adams, supra; People v Parks,* 57 Mich App 738, 750; 226 NW2d 710 (1975); *People v Walker,* 40 Mich App 142, 145; 198 NW2d 449 (1972), we find the rule applicable where the defendant is also a witness, thus precluding the prosecutor from requesting a defendant to comment upon the credibility of the complainant and other witnesses. Under the facts of this case, we cannot conclude that the improper cross-examination was harmless since this case involved a classic credibility contest between the complainant and the defendant and since the defendant was asked to comment on the veracity of all material witnesses as a definite pattern of prosecutorial strategy.

The prosecutor also commented as follows during his closing arguments:

"If you'll recall his cross-examination testimony

you'll recall that he testified that he was present at the preliminary examination back in December of 1981. He sat through the whole thing, he heard Debbie DeFord testify, he heard one of the boys testify, and he also admitted that he'd reviewed, to some extent anyway, the police report in connection with this case. Now, there's nothing wrong with his doing that, per se, reviewing the police report, but the point is, ladies and gentlemen of the jury, that the defendant knew—and also he was the last witness to testify in this case—he knew before he took the witness stand, completely, what the people's proofs were going to be. He knew completely what they were. He also admitted that he sat through proceedings in this case back in February of this year. All of our witnesses, except Trooper Stayer, testified at that time. He indicated on the witness stand he heard them all testify. He testified, himself, back then. He was cross-examined at that time. He indicated that he later heard all the remarks that both I made and his attorney made, concerning that testimony.

"So, ladies and gentlemen of the jury, the point is that the defendant has known for some time precisely what the people's proofs were going to be. He's had plenty of time to try to figure a way around our proofs and also to get prepared to tell his story in a convincing manner. Now, there is abundant proof in this case that the defendant, in fact, cooked up an explanation around our proofs."

Again, defense counsel failed to object to the prosecutor's comments at trial. In the interest of precluding any manifest injustice, however, we undertake appellate review. *People v Williams, supra.*

This Court has twice considered the propriety of a prosecutor commenting to the jury that a defendant's presence in court provided the defendant an opportunity to fabricate testimony to make it significantly consistent with testimony of prosecution witnesses. *People v Fredericks,* 125 Mich App 114; 335 NW2d 919 (1983), and *People v Smith,* 73 Mich App 463, 470-471; 252 NW2d 488 (1977), *lv*

*den* 402 Mich 803 (1977). In both cases, the prosecutor's comments related to each defendant's opportunity to hear testimony throughout the then-ongoing trial prior to testifying. In both cases, the defendants on appeal argued that such prosecutorial comment improperly infringed upon their constitutional right to be present at trial, US Const, Am VI; *People v Montgomery,* 64 Mich App 101, 103; 235 NW2d 75 (1975), though neither defendant preserved that question for appellate review by objecting at trial. This Court held in both cases that the comments were improper and therefore error.

In *Smith,* however, the error was found to be harmless when viewed in light of the full summation given. We further note that the defendant in *Smith* was convicted of murder committed in the perpetration of a kidnapping, MCL 750.316; MSA 28.548, and kidnapping, MCL 750.349; MSA 28.581. Significant evidence was introduced at trial tending to prove the defendant's guilt of these charges. Moreover, but for the comment on the defendant's opportunity to fabricate testimony, the prosecutor's summation in *Smith* was error free.

In *Fredericks,* this Court found that the error that occurred when the prosecutor commented upon the defendant's opportunity to fabricate testimony based on his presence in court could not be harmless beyond a reasonable doubt under the circumstances of that case. As in the instant case, the issue of defendant's guilt or innocence in *Fredericks* was largely a contest of credibility between the defendant and the prosecution witness. There were no eyewitnesses to the crime and no other significant evidence tending to prove the defendant's guilt. Defendant in *Fredericks* also testified on his own behalf at trial.

Whether a particular error is harmless must be determined on a case-by-case basis and an act of prosecutorial misconduct which is harmless in one case may constitute reversible error in another. *People v Leverette,* 112 Mich App 142, 152; 315 NW2d 876 (1982). We thus look to the facts of this case in determining whether the prosecutor's clearly improper comment regarding the defendant's opportunity to fabricate testimony constitutes harmless or reversible error. In this action, the issue of the defendant's guilt or innocence is primarily a contest of credibility between the defendant and the complaining witness. Little other evidence was adduced at trial tending to prove the defendant's guilt. Moreover, the prosecutor in this case not only commented upon the defendant's opportunity to hear the testimony of the prosecution witnesses during the then-ongoing trial but commented as well on the defendant's opportunity to hear the same witnesses testify in a prior proceeding. The prosecutor, in fact, specifically argued that the defendant had months in which to evaluate the testimony of the prosecution witnesses and fabricate testimony in that light. We thus conclude that the error in this case is not harmless beyond a reasonable doubt and hold that reversal and remand is required.

None of the remaining alleged acts of prosecutorial misconduct require reversal. The prosecutor's reference to a prior "hearing" did not violate the trial court's order precluding reference to the first trial since, in issuing its order, the trial court specifically stated that the prior trial could be referred to in other terms such as "a prior proceeding". We find no harm in referring to the prior trial as a hearing rather than as a proceeding. The evidence introduced at trial supported the

prosecution's comments in its opening argument that the defendant intended to have sexual intercourse with the complaining witness. According to the testimony of the complaining witness, the defendant told her during the commission of the offense that he wanted to "make love" to her.

Finally, while the prosecutor improperly asked the jury to place themselves in the role of the complaining witness in arriving at its verdict, *People v Leverette, supra,* p 151, the trial court's curative instruction upon defense counsel's prompt objection rendered the error harmless beyond a reasonable doubt.

Given our resolution of the foregoing issues, we find no need to address defendant's remaining issues on appeal.

Reversed and remanded.


CYNAR, J. *(concurring in part).* I concur in the result reached but only find reversible error in the prosecutor's closing argument. The majority consider, under the facts of this case, that the improper cross-examination was not harmless beyond a reasonable doubt and hold that reversal and remand is required. I disagree. A timely objection by defense counsel could have cured any prejudice, either by precluding such further questioning or by obtaining an appropriate cautionary instruction.