PEOPLE v RUSSELL

Docket No. 122522. Submitted July 15, 1991, at Lansing. Decided
August 20, 1991, at 9:10 A.M. Leave to appeal sought.
   Kevin P. Russell was convicted by a jury in the Washtenaw
   Circuit Court, Patrick J. Conlin, J., of armed robbery. The
   defendant appealed, claiming that the trial court erred in
   failing to instruct sua sponte that the jury was required to
   closely examine the testimony of the defendant's accomplices
   and consider such testimony more cautiously than that of an
   ordinary witness.
      The Court of Appeals held:
      A cautionary instruction regarding accomplice testimony
   must be given not only where there is a request for such an
   instruction but also must be given by the court sua sponte if
   the issue of guilt or innocence is closely drawn. Failure to so
   instruct in this case was error requiring reversal.
      Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Thomas Kizer, Jr.,* for the defendant.

Before: SHEPHERD, P.J., and CAVANAGH and FITZGERALD, JJ.

PER CURIAM. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and conspiracy to commit armed robbery, MCL 750.157(a); MSA 28.354(1), arising out of the robbery of a convenience store. Following a jury trial, defendant was found guilty of armed robbery, and not guilty of conspiracy. Defendant's motion for a new trial was denied, and he was sentenced to a prison

term of three to thirty years. Defendant appeals as of right, raising several issues. We find one such issue to be meritorious, and we reverse.

Defendant argues that the trial court sua sponte should have given the jury the cautionary accomplice instruction contained in CJI2d 5.6, which instructs a jury to examine an accomplice's testimony closely and with greater caution and care than the testimony of ordinary witnesses. No request was made for the instruction. However, our Supreme Court has noted that, if the issue is closely drawn, it may be error requiring reversal to fail to give cautionary accomplice instructions even in the absence of a request. *People v McCoy,* 392 Mich 231, 240; 220 NW2d 456 (1974). We must determine whether the issue of defendant's participation was "closely drawn." A case is closely drawn and instructions should be given where there are no independent witnesses and the question comes down to whom to believe, the defendant or the accomplice, *People v Jackson,* 97 Mich App 660, 666; 296 NW2d 135 (1980), and where the trial becomes a credibility battle between the accomplice and the defendant. *People v Smith,* 158 Mich App 220, 229-230; 405 NW2d 156 (1987); *People v Fredericks,* 125 Mich App 114, 121-122; 335 NW2d 919 (1983).

The prosecution's theory of the case was that defendant aided and abetted by providing the car and the gun used in the armed robbery. Three witnesses who were involved in the armed robbery and who pleaded guilty before defendant's trial provided testimony. Scott Brown and Jamy French had already been sentenced, and James Stoll's sentencing had been adjourned twice pending his testimony in the instant case. Brown and French testified that defendant was not with them when the robbery was committed because he did not

want to be involved if they decided to commit a robbery. Although defendant allowed them to use his car for the evening, as he often did, the use was not for the purpose of committing a robbery. French testified that he removed the gun from defendant's home approximately a week before the incident and brought it from Brown's home the night of the robbery. Defendant testified that he did not want to have anything to do with a robbery and did not knowingly supply the gun. When defendant decided to play billiards, he allowed the others to use his car for the evening. He did not know that the others were actually going to commit a robbery.

Stoll testified that defendant brought the gun that evening and told the others which store to rob. He further testified that defendant knew the others might commit a robbery.

The only witness who linked defendant to the crime was Stoll. Defendant, as well as Brown and French, denied that defendant supplied the car for the purpose of committing an armed robbery, and French testified that he brought the gun that evening. Thus, the issue of defendant's guilt or innocence came down to whom to believe, an accomplice or defendant. We conclude that this issue is closely drawn, that the trial court sua sponte should have given a cautionary instruction regarding accomplice testimony, and that its failure to do so requires reversal.

We have reviewed the remainder of defendant's issues and find them meritless. Criminal verdicts need not be consistent. *People v Vaughn,* 409 Mich 463, 465-466; 295 NW2d 354 (1980). Defendant's failure to create an adequate record by way of an evidentiary hearing regarding counsel's performance precludes appellate review. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973).

Lastly, the jury was adequately informed that Stoll had not yet been sentenced and that the prosecutor had agreed to communicate his cooperation to the court at sentencing in exchange for his testimony.

Reversed and remanded for a new trial.